## Lewis Bresler v. Henry Pendell.

*Statute of Frauds: promise to pay the debt of another.*— Where A had taken a contract to do work for B, but, not being paid, had abandoned the contract, and afterwards resumed it, and did certain extra work on the promise of C to pay him; but the evidence showed that he still looked to B for his pay, and not to C except as guarantor, it was held, that the promise of C, not being in writing, was void under the Statute of Frauds, both as to the extra work, and that done under the contract.

*Heard October 24th, 1863. Decided January 8th.*

Error to Wayne Circuit.

The cause, in the Court below, was referred to a ref-eree, who reported the following facts:

"That in the month of May or June, 1860, one Charles E. Bresler made a contract with Eugene St. Amour, for the erection by the said St. Amour, for said Bresler, of a block of buildings on Michigan Avenue, in the city of Detroit. That according to said contract, said block of buildings was to be two stories in height, with walls of eight inches in thickness, and that the pillars of said block and the lintels were to be of wood. That after said con-tract was so made, St. Amour sub-let to the plaintiff in this cause, the job of doing the stone, mason and brick work of said block. That after said sub-letting, the plan of said block was twice changed, the first change being intended to make said block three stories in height instead of two, and substituting iron pillars and lintels instead of wood, and increasing the thickness of some of the walls to said block; and the second change being the same as the first, with the addition of a fourth story to said block. That said plaintiff entered into the prosecution of said work, under his agreement with said St. Amour, and prosecuted the same to completion. That during the pro-gress of said work, said defendant was about said block much of the time, overseeing its construction, and giving directions as to the same. That said St. Amour failed to comply with his agreement with said plaintiff, in that he did not make the payments for said services, in accord-ance with his contract with said plaintiff, and that, in consequence thereof, said plaintiff twice abandoned said job, and refused to proceed further with the same. That on both of said occasions, said defendant requested said plain-tiff not to abandon said job, and promised him that if he would continue the same to completion, he, the said defendant, would pay him or would see him paid, and that

under said promise, said plaintiff resumed said job after so twice abandoning it, and completed the same; but that said promise, so made by said defendant, was not in writing, and that the said original contract, between said St. Amour and plaintiff, was still in existence and uncancelled.

That in consequence of the above mentioned changes made in said block, the following extra work became necessary, to wit: Setting in columns and fronts, and window caps and sills. That at the request and by the direction of said defendant, the following other extra work was¹ done on said job, to wit: Rubbing down the front of said building preparatory to its being painted, and making two arches of brick work. That none of said extra work was included or mentioned in the said agreement, between the plaintiff and said St. Amour; that the same was done by said plaintiff, at the request of said defendant, and that said defendant promised and agreed to pay said plaintiff therefor; that the fair value of said extra work was the sum of three hundred and fifty-five dollars.

And I further certify and report, that I find as conclusions of law based upon the facts as above found in said cause,

*First.* — That said defendant is not legally liable to pay said plaintiff, for any portion of the work done by him, which was included and mentioned in the contract between St. Amour and said plaintiff, notwithstanding said defendant promised to so do, for the reason that said St. Amour's agreement with said plaintiff was still in force and uncancelled, and defendant's said promise to make such payments to plaintiff was by parol merely, and not in writing;

*Second.* — That the said defendant is legally liable to pay to the said plaintiff, the value of said extra work above mentioned, and not included in the St. Amour contract with the plaintiff, with interest thereon."

BRESLER v. PENDELL.

The referree reported to the Circuit Court all the evidence, and that Court rendered judgment against Bresler in accordance with his views. The view taken by this Court of the evidence sufficiently appears by the opinion.

*D. C. Holbrook*, for plaintiff in error.

*Gray & O'Flynn*, for defendant in error.

MANNING J.:

There does not seem to me to be any good reason for discriminating between the extra and the other work. If either was done on the promise of Bresler, it was not on his sole promise, but on his promise in connection with the previous promise of St. Amour, and therefore, if supported by a consideration, should have been in writing to bind Bresler. If, as some of the witnesses state, Pendell refused to go on with the work under his contract with St. Amour, because he was not paid by him, and on that account abandoned the work, and afterwards resumed it on the promise of Bresler, the evidence shows he still looked to St. Amour for his pay, and not to Bresler, except as surety or guarantor. I think the judgment should be reversed, and judgment be entered for Bresler, with costs of both courts.

The other Justices concurred.