## Andrew J. Welch v. William Marvin.

*Promise to pay for goods furnished to another: Original undertaking: Statute of frauds.* Defendant having gone to plaintiff and orally stated to him that for such goods as he should thereafter furnish to a third person named he would pay him, it is held that to take the promise out of the statute of frauds and make the defendant legally liable it is essential that plaintiff should thereupon have absolutely discharged such third person from liability, and looked only to defendant for payment; under no circumstances could he hold each liable severally, at his option.

*Heard January 19.  Decided January 23.*

Error to Ionia Circuit.

*Sessions & Strickland* and *A. B. Morse*, for plaintiff in error.

*Lemuel Clute*, for defendant in error.

MARSTON, J:

Marvin, who was plaintiff below, brought an action of assumpsit to recover the value of certain meat furnished by him to be used in a boarding train upon the D., L. & L. M. R. R. It appears from the testimony that one Hiram Cook, who was engaged in keeping such boarding car, had obtained his supply of meat from the plaintiff, and in June, 1875, was owing him for meats furnished one hundred and seventeen dollars and seventy-eight cents; that about the 14th of June he refused to trust Cook any longer or furnish him with any more meat unless some different arrangements were made; that Welch, who had been supplying Cook with groceries, went to see Marvin, in company with Cook, to make some arrangement about this matter. Marvin testified that he (Welch) then said: "This pay is now assigned over to me from the railroad company, and I am going to become responsible for the meat, and I want meat to run this train, and what meat you let Cook have from now, I will pay you for." Marvin then told Welch that Cook had got meat there from the middle of April up to the 1st of June, that had not been paid for, and that he would not let any more meat go until he was paid for that; that Welch replied: "Well, you get an order on me from Cook, and I will accept that order, and pay you as fast as the money comes into my hands to pay that." The next morning an order was drawn up for the one hundred and seventeen dollars and seventy-eight cents; this order was accepted by Welch, providing money enough came into his hands from the company to pay his own account first, the balance to be paid on this order. Different amounts were paid by Welch, in all amounting to two hundred and fifteen dollars; but it does not appear that any other orders were

given. It also appeared from plaintiff's testimony that he, in September, received an order from Cook on the railroad company for one hundred dollars, which he endeavored to collect. After the arrangement made with Welch, plaintiff continued to charge the meats thereafter delivered to Cook, in the same manner he had previously done, no change having been made on his books in the manner of keeping the account. There was considerable conflicting evidence, as is usually expected in such cases, as to what the agreement really was, as to the reason of continuing to charge the meat to Cook upon plaintiff's books, and the efforts made to collect the account.

The court, in charging the jury, very properly left it to them to find what the agreement between the parties actually was, and the conclusion to be drawn from such finding. Defendant's counsel requested the following instructions to be given: "If the jury find that Marvin sold meat to Cook and charged the same to Cook, and that Welch became responsible for it, in order to take the promise out of the statute of frauds, and make Welch legally liable, they must also find that Marvin thereupon absolutely discharged Cook from liability, and looked only to Welch for pay." Other instructions having a similar tendency were requested to be given. These requests were refused, the jury being merely instructed that the manner of keeping the account, and efforts to collect from Cook, were facts capable of explanation, and might be considered by the jury. We are of opinion that defendant was entitled to have the jury instructed as requested. Under no theory of this case, could Cook and Welch both be responsible to plaintiff, severally, at his option. If Cook was liable for the meats furnished after the arrangement with Welch was made, then clearly Welch's liability could not be an original one. It is equally clear, that if Welch's promise was an original promise, and the debt his debt, then Cook could not be held liable thereon. The parties might have made an agreement under which they would have been jointly liable, which is not claimed in

this case.    But they could not, under the circumstances, be severally liable, at plaintiff's option.    We know of no better test than this, in a case like the present.—*Bresler v. Pendell, 12 Mich., 224; Gibbs v. Blanchard, 15 Mich., 292; Corkins v. Collins, 16 Mich., 480.*

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.