## WILLIAM BAKER v. ISAAC W. INGERSOLL AND GEORGE L. SEAGRAVES.

### *Contract—Substituted liability.*

A verbal promise to pay for material furnished to another person on a contract made with him and not with the promisor, cannot be enforced so long as the original contract remains uncancelled.

Error to Wayne. Submitted June 12. Decided June 21.

ASSUMPSIT by Ingersoll and Seagraves against Baker for $192.16, being a balance claimed on an undertaking alleged to have been entered into by Baker to pay them for material contracted for by one Caswell, whom he had employed to do work on a house for him. Plaintiffs recovered below and defendant brings error.

*George Gartner* and *T. C. Prosser* for plaintiff in error. An unwritten collateral promise to pay the debt of another is void, Comp. L., § 4698; *Hall v. Soule*, 11 Mich., 494; where the original liability is not extinguished, a promise

to pay by a third person is collateral, Browne on Stat. of Frauds [3d ed.], § 197, n. 1, 3; *Brown v. Hazen*, 11 Mich., 221; *Corkins v. Collins*, 16 Mich., 478; *Curtis v. Brown*, 5 Cush., 488; *Leland v. Creyon*, 1 McCord, 100; 3 Kent's Com., 123; and the original liability remains, *Waldo v. Simonson*, 18 Mich., 353; *Bresler v. Pendell*, 12 Mich., 224.

*Moore, Canfield & Warner* for defendants in error. An unwritten contract to pay for materials furnished to another may be enforced if it is an independent contract, *Gardiner v. Hopkins*, 5 Wend., 23; *Mallory v. Gillett*, 21 N. Y., 427; *Brown v. Weber*, 24 How. Pr., 306: 38 N. Y., 187; it is not within the Statute of Frauds as a promise to pay another's debt, 3 Pars. Cont., 24; *Besshears v. Rowe*, 46 Mo., 503; *Dearborn v. Parks*, 5 Greenl., 81; *Farley v. Cleveland*, 4 Cow., 432; *Barker v. Bucklin*, 2 Den., 45; *Fullam v. Adams*, 37 Vt., 391; *McCreary v. Van Hook*, 35 Tex., 631.

MARSTON, J. The facts in this case resemble very closely those in *Welch v. Marvin*, 36 Mich., 60, and we think the decision in that case must be here followed.

If the contract between defendants in error and Caswell was still in existence and uncancelled, plaintiff in error could not be held liable upon his promise, and the jury should have been so instructed as requested. The case referred to had not been published when this one was tried. Had it been, or the attention of the learned judge been called thereto, we doubt not the ruling would have been different.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.