## GEORGE A. DUPUIS v. THE INTERIOR CONSTRUCTION AND IMPROVEMENT COMPANY.

*Statute of frauds—Promise to pay debt of another.*

After plaintiff had entered upon the performance of a contract made with a contractor of defendant to do some dredging, one of the defendant's officers said to him that the defendant would keep enough of the contractor's money back to pay plaintiff for the work he would do dredging, and another officer remarked that it was pretty early to do that, to which the first officer responded "we have to do the work; we cannot let it be delayed,"—which promise or guaranty is held to come within the statute of frauds.

Error to Wayne. (Gartner, J.) Argued October 6, 1891. Decided October 30, 1891.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Sidney T. Miller,* for appellant, contended:

1. There can be litttle question that there was a good guaranty in this case. The true test is, "was the transaction in essence his own, while the securing of the third person's debt to the promisee was a mere collateral consequence, or was the latter its direct object?" citing Bish. Cont. § 1263; *Calkins v. Chandler,* 36 Mich. 320; *Fears v. Story,* 131 Mass. 47; *Merriman v. McManus,* 102 Penn. St. 102; *Crawford v. Edison,* 45 Ohio St. 239; *Emerson v. Slater,* 22 How. 35, 43; *Greene v. Burton,* 59 Vt. 423.

2. The court erred in admitting as evidence the papers in another suit, its pendency not being pleaded in abatement; citing *Sullings v. Goodyear Co.,* 36 Mich. 313; Gould, Pl. chap. 5, § 153.

*Brennan & Donnelly,* for defendant, contended:

1. Defendant's promise was within the statute of frauds, and under no circumstances could plaintiff hold defendant and Gibney severally liable at his option; citing *Welch v. Marvin,* 36 Mich. 59; *Baker v. Ingersoll,* 39 Id. 158; *Preston v. Zekind,* 84 Id. 643;

*Gray v. Herman*, 75 Wis. 453; *Bresler v. Pendell*, 12    · ·    · ·.
*Bates v. Johnrowe*, 57 Id. 521.

LONG, J. This action was brought in the Wayne circuit court upon claim made under the following bill of particulars:

To 11½ days' work of dredge Hercules and her
  crew ................................................................. $878 50
To changing dipper on dredge.......................... 75 00

The plaintiff had verdict and judgment by direction of the court for $150. He is not satisfied with the amount of the judgment, and brings the case to this Court by writ of error.

The claim made on the part of the plaintiff is that on or about the 29th day of November, 1889, the plaintiff, who was proprietor of a dredge, met one Gibney at the office of the defendant, and learned from him that certain dredging was needed to enable the laying of a natural gas main across the river Rouge, near Detroit. Gibney stated at the time that all there was to be done was the sloping of the banks of the river (not more than a day's work for the dredge), which Dupuis agreed to do if paid for the use of the dredge from the time it left its moorings; this agreement being afterwards ratified by a letter from Dupuis, offering to do this work for $75 a day, and an acceptance by Gibney, also by letter.

In pursuance of this agreement, Dupuis sent his dredge on Monday, December 2, to the place at which the pipe-line was to cross the stream, but found nobody there at first to tell him what to do; so he started to work on what Gibney had told him he wanted done, *i. e.*, the sloping of the banks, and nearly finished it on the same day. On that Monday night Dupuis went to the office of the defendant, and there told Mr. Lambing, one of the officers of the defendant, that he would not go on

e work unless some one came to show him what to do, and Mr. Lambing accordingly promised to send the defendant's engineer the next morning to take charge of the work. The next morning Mr. Lambing himself appeared, and instructed Dupuis to dig a trench along a certain line, which was done. Dupuis at this time told Lambing that the pipes could not be laid on the bottom, as it then lay, as the Rouge was to be dug deeper by the government, and that he could not do the work they required. This he also told three officers of the company whom he met at the company's office, and advised them to get Hiram Walker's dredge, which he thought could do the work. They answered that they had no time to lose, as the main must be laid to the city within a time specified, and asked him if he could not so change his dredge as to do the work, at the same time telling him he was working for Gibney, who was the contractor.

The plaintiff claims that at this time he said to them that from the wording of the letter he understood he was acting for the company, but was told by Mr. Lambing that he was not, but that he was working for Gibney, the contractor; that he said he was sorry for that, and was then asked by Lambing if he understood it now, and he said he did; that Mr. Campbell, another officer of the company, was present, and said to Mr. Lambing:

"We know Mr. Dupuis, and we can tell him that we will keep enough of Mr. Gibney's money back to pay him for the work he will do dredging."

That Mr. Lambing said, "It is pretty early to do that," when Campbell responded: "We have to do the work; we cannot let it be delayed;" that they then asked him to fix a maximum charge for the changes on the dredge, which he did, and signed a paper agreeing that

such changes should not cost more than $150; that, relying on these promises, he went on and did the work, and now claims the full amount of dredging and change of dredge against the defendant company.

The claim is further made by the plaintiff that there was no testimony which warranted the court in limiting the amount to be recovered to $150, but, on the contrary, that the testimony of the plaintiff shows there was either—

1. A good guaranty for the payment of the full amount due the plaintiff for the dredging, including the work contracted for by Gibney; or—

2. A contract between the company and the plaintiff for all of the work, except the sloping of the banks.

The only question involved is whether the promise made by the defendant's officers to pay the plaintiff for the work and labor comes within the statute of frauds. It clearly appears that the original contract was made with Gibney, and there was no misunderstanding upon the part of the plaintiff when he commenced the work as to who was the person liable on the contract. The plaintiff expressly stated to Mr. Lambing, defendant's manager, that he understood the contract was with Gibney, and, after the work was completed, presented his bill to Gibney, and commenced suit against Gibney & Co. for the claim he now seeks to recover against the defendant, making defendant company garnishee defendant in that proceeding. That suit is yet pending.

It is evident from the whole record that the plaintiff did not understand that the defendant company ever became liable upon the original promise to pay for the work, and we think the company could not be held liable upon the guaranty claimed to have been made by defendant's officers to pay Gibney's debt. The defendant

was properly held liable by the court below for the cost of making changes in the dredge. The other part of the claim made by the plaintiff falls directly within the statute of frauds. It appears that the original promisor, Gibney, has not been discharged from liability on the contract; that contract appears yet to be in existence, and uncanceled. In *Baker v. Ingersoll,* 39 Mich. 158, it was held that—

" A verbal promise to pay for material furnished to another person on a contract made with him, and not with the promisor, cannot be enforced so long as the original contract remains uncanceled."

We think the case falls directly within the ruling of this Court in *Welch v. Marvin,* 36 Mich. 59. See, also, *Baker v. Ingersoll,* 39 Mich. 158; *Preston v. Zekind,* 84 Id. 641; *Gray v. Herman,* 75 Wis. 453 (44 N. W. Rep. 248).

Some claim is made by plaintiff's counsel that the court below was in error in admitting in evidence the papers in the suit brought by the plaintiff against Gibney & Co. Those papers were properly admitted in evidence to show that the claim made by the plaintiff was the identical claim made here, and that it was still in existence, uncanceled, and that plaintiff had not discharged Gibney from liability.

The judgment must be affirmed, with costs.

The other Justices concurred.