WILHELM *v.* VOSS.

1. STATUTE OF FRAUDS—ORIGINAL AND COLLATERAL PROMISES.

An oral agreement by the owner of a building to pay a sub-
contractor for his work is binding upon him if such subcon-
tractor abandons his contract with the principal contractor,
so as to retain no claim against him, but not otherwise.

2. PRINCIPAL AND AGENT—EVIDENCE.

Evidence that defendant in an action to recover for plastering
a house told plaintiff that he would leave it all to a third
person to look after the business for him is sufficient for the
submission to the jury of the question of the agency of such
third person.

Error to Wayne; McMahon, J., presiding. Submitted
April 8, 1898. Decided September 20, 1898.

*Assumpsit* by Peter Wilhelm against Albert J. Voss
for work and labor. From a judgment for plaintiff, de-
fendant brings error. Affirmed.

*A. G. Pitts*, for appellant.

*James H. Pound*, for appellee.

HOOKER, J. Van Bogaert & Co. erected a building for
Voss, under a contract. When it was ready for plaster-
ing, Van Bogaert, accompanied by Domke, who worked
upon the house as a carpenter in Van Bogaert & Co.'s em-
ploy, went to the house of the plaintiff, when the plaintiff
and Van Bogaert, acting for his firm, made a contract
whereby the plaintiff agreed to do the lathing and the
plastering upon the house for Van Bogaert & Co. The
plaintiff hired Bolster to do the lathing, and he suggested
to the plaintiff that Van Bogaert & Co. were irresponsible;
and thereupon the plaintiff saw Domke, who lived in the
family of Voss, and who said that he expected to marry

his daughter, and occupy the new house when completed, and was assured by him that Voss would see that he was paid before he paid the contractors. The plaintiff also testified that he told Voss himself that "he would not do the job unless he would pay him for the job, because he did not think the contractor was any good," and that "Voss told him that he would pay him if he plastered the house."

The important question in the case is whether this oral promise constituted a valid contract. It is claimed that it is within the statute of frauds. The circuit court held otherwise, and the jury found a verdict for the plaintiff. The statute of frauds makes void any oral promise to answer for the debt or default of another. So that, if we must say that the plaintiff in this case performed his contract with Van Bogaert & Co., thereby making them his debtors under the contract which all agree was made with them, it is manifest that the promise alleged to have been made by Voss was collateral merely, and void because not in writing. The fact that Wilhelm had made a contract with Van Bogaert & Co. to do this work would not necessarily render invalid a subsequent contract with Voss to do the same work, but both of these alleged oral promises to pay for this work could not be valid at one and the same time. Unless the contract with Van Bogaert & Co. was abandoned by Wilhelm, so that there would remain no right to a claim for compensation for the work when done, as against them, the promise alleged of Voss was collateral, and void under the statute.

The right of the plaintiff to recover against the defendant must depend upon the actual state of affairs at the time the work was done. If it was done in pursuance of and under the contract with Van Bogaert & Co., the performance created an obligation against Van Bogaert & Co., and not against Voss; while, if the plaintiff repudiated the contract made with that firm, so that, although he plastered the house, it was done under a different arrangement, and gave rise to no obligation upon the part

of Van Bogaert & Co. to pay, the defendant would be
liable for his promise to pay for the work, if he made such
promise., The danger of injustice in this case arises from
the opportunity afforded for the plaintiff, after finding
himself unable to collect from Van Bogaert & Co., to say
that he abandoned his first contract, and relied on the
second, when in fact this was an afterthought, to avoid
the effect of the statute of frauds. This is, however, a
question of fact, and it was proper to submit it to the jury,
unless the evidence conclusively showed that the work
was done under the contract with Van Bogaert & Co., or
that the alleged promise of the defendant was only a col-
lateral promise. In our opinion, there was evidence tend-
ing to support the plaintiff's theory, and it was proper to
submit these questions to the jury.

Another question in the case requires discussion. Testi-
mony of statements made by Domke, the defendant's son-
in-law, was admitted, tending to show that an original
promise was made by him, upon behalf of the defendant,
and it was claimed that he was the authorized agent of
the defendant in the premises. It is now contended (as it
was in the circuit court) that there was no proof of agency.
The learned circuit judge thought there was such proof, and
submitted the question to the jury. We agree with him
that there was some testimony to that effect. It is to be
found in the testimony of Wilhelm that, at the time Voss
and he had their first talk, nothing was said about Domke,
but that afterwards he said that he would leave it all to
him,—to look after the business for him. This, in con-
junction with what occurred, justified the judge in leav-
ing the question to the jury. Had specific objection been
made, the testimony that Domke stated that he was the
agent of Voss should have been stricken out as hearsay;
but the objection included much more, and, as a whole,
was not well taken.

Counsel also maintains that the evidence fails to show
the value of the services, or that a price was agreed upon.
As to this, we are of the opinion that the jury were justi-

fied in treating 17 cents a yard as the price contemplated by all parties.

The judgment is affirmed.

The other Justices concurred.