ROULO v. AUTOMOBILE CLUB OF MICHIGAN

1. APPEAL AND ERROR—JUDGMENT—SUMMARY JUDGMENT—COMPLAINT —STATING CAUSE OF ACTION.

The function of the Michigan Supreme Court, in reviewing the grant of a motion for summary judgment where it is urged that a complaint fails to state a cause of action, is to examine the complaint and decide whether it states a claim and the Court is not free to disregard any well pleaded fact nor to expend the allegations by inference.

2. TORTS—ACTION EX DELICTO—LEGAL DUTY—BREACH OF DUTY— DAMAGES—PROXIMATE CAUSE.

The elements of a cause of action *ex delicto* are: (1) that defendant owed a legal duty to plaintiff, (2) that defendant breached or violated the legal duty it owed to plaintiff, (3) that plaintiff suffered damages, and (4) that defendant's breach of duty was a proximate cause of the damages suffered by plaintiff.

3. NEGLIGENCE—GOOD SAMARITAN RULE—DUTY.

The so-called "Good Samaritan Rule", in effect, is that the passer-by who renders no assistance to an injured person, owes

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 853.
[2] 57 Am Jur 2d, Negligence § 32 *et seq.*
[3] 57 Am Jur 2d, Negligence §§ 33–46.
[4] 49 Am Jur, Statute of Frauds §§ 39, 48, 60.
[5] 49 Am Jur, Statute of Frauds §§ 39, 160, 459.

no duty to him; but the passer-by who undertakes to render assistance assumes the obligation of exercising due care in the rendering of such assistance.

4. FRAUDS, STATUTE OF—LABOR AND MATERIAL BONDS—PROMISE TO PAY DEBT OF ANOTHER—CONTRACTS IN WRITING.

A property owner's indirect promissory representation that a labor and material bond would be given by the general contractor who contracted to construct a building on the owner's property can hardly create a more binding obligation than a direct promise to the plaintiff, a subcontractor, to pay him or see that the general contractor pays him; in such a case, the law is clear and well settled that such promises must be in writing under the statute of frauds (MCLA § 566.132).

5. FRAUDS, STATUTE OF—CONTRACTS—SUBCONTRACTOR—PAYMENTS— MECHANIC'S LIEN—ESTOPPEL—ORAL PROMISE TO PAY.

The action of a property owner of making payments to a subcontractor does not create an obligation to pay, in the absence of a writing; similarly, the subcontractor's forbearance from perfecting his mechanic's lien does not create an estoppel such as to support an oral promise to pay made by the owner.

Appeal from Court of Appeals, Division 2, Levin, P. J., and J. H. Gillis and Bronson, JJ., affirming Macomb, Alton H. Noe, J. Submitted June 9, 1971. (No. 9 June Term 1971, Docket No. 52,893.) Decided December 21, 1971.

24 Mich App 32 affirmed.

Complaint by Lawrence J. Roulo against Automobile Club of Michigan for damages resulting from negligence. Summary judgment for defendant. Plaintiff appealed to the Court of Appeals. Affirmed. Plaintiff appeals. Affirmed.

*McCabe, Middleton & Schultz,* for plaintiff.

*Rouse, Selby, Dickinson, Shaw & Pike* (by *William H. Morman*), for defendant.

T. E. BRENNAN, J.   A motion for summary judgment was granted in circuit court and affirmed in the Court of Appeals.

The motion for summary judgment is a classic demurrer.  It urged that the complaint fails to state a cause of action.

In such a case, our function is clear.  We examine the complaint and decide whether it states a claim. We are not free to disregard any well pleaded fact, nor to expand the allegations by inference.

The complaint is as follows:

"Plaintiff, Lawrence J. Roulo, by McCabe and Middleton, his attorneys, says:

"1. Plaintiff is an individual trading as Lakepointe Plumbing & Heating Co., is a licensed plumbing and heating contractor and has his principal place of business in Macomb County.

"2. Defendant Automobile Club of Michigan is a Michigan non-profit corporation and carries on business in Macomb County.

"3. Under date of February 28, 1967, defendant published written specifications for the construction of its Utica Division office, a copy of which was furnished plaintiff for the purpose of bidding on the plumbing and heating work provided for therein. A copy of such specifications is in plaintiff's possession.

"4. Defendant's specifications for the construction of its Utica Division office contained, as Section 12 of Article 1–A thereof, a provision requiring the successful bidder for the general contract to obtain a Labor and Material Bond and a Performance Bond, each in the amount of 100% of the contract amount, the cost of such bonds to be included in the proposal.

"5. The successful bidder, accepted by defendant, for the construction of its Utica Division office was Siklitch & Little, Inc., a Michigan corporation of East Detroit, Michigan.

"6. Plaintiff, under date of April 28, 1967, entered into an agreement with said Siklitch & Little, Inc. to perform the mechanical work in connection with the construction of defendant's Utica Division office, in accordance with defendant's published specifications, for an agreed amount of $49,975.00 and subsequently added extra work in an amount of $195.00.

"7. Plaintiff has fully performed his agreement with said Siklitch & Little, Inc. but has not been paid the full amount due him, there being a balance of $17,300.40 now due and unpaid.

"8. On September 13, 1968, said Siklitch & Little, Inc. filed a voluntary petition in bankruptcy in the United States District Court for the Eastern District of Michigan, case No. 68–2615–B, and from the schedule filed therein it appears there is little likelihood of plaintiff receiving any appreciable dividend from the bankruptcy estate.

"9. Plaintiff, when he entered into his agreement with said Siklitch & Little, Inc., relied for his financial security and assurance of ultimate payment, on the provisions of defendant's specifications requiring the furnishing of a Labor and Material Bond as set forth in paragraph 4 hereof.

"10. When plaintiff's work was complete and he endeavored to collect the balance due him; he first learned that defendant had negligently failed to procure the Labor and Material Bond, required by its specifications, from said Siklitch & Little, Inc.

"11. Because of defendant's negligent failure to require performance of the conditions of its published specifications for the construction of its Utica Division office, plaintiff has suffered loss of the amount due him from said Siklitch & Little, Inc., being $17,300.40 plus the interest thereon.

"Wherefore, plaintiff claims judgment against defendant for $25,000.00."

Plaintiff's theory is that of an action *ex delicto*. It sounds in tort. It alleges negligence. The elements of such a cause of action are:

(1) That the defendant owed a legal duty to the plaintiff.

(2) That the defendant breached or violated the legal duty it owed to the plaintiff.

(3) That the plaintiff suffered damages.

(4) That the defendant's breach of duty was a proximate cause of the damages suffered by the plaintiff.

The issue here is concerned with the first two elements: existence of legal duty and breach of duty.

Plaintiff claims that the duty owed by defendant to him was that duty described in 38 Am Jur, Negligence, § 17, p 659:

"The law imposes an obligation upon everyone who attempts to do anything, even gratuitously, for another, to exercise some degree of care and skill in the performance of what he has undertaken, for nonperformance of which duty an action lies."

This is the so-called "Good Samaritan" rule. It says in effect that the passer-by who renders no assistance to an injured person, owes no duty to him; but the passer-by who undertakes to render assistance assumes the obligation of exercising due care in the rendering of such assistance.

Plaintiff would have us apply that rule here. He tells us that the defendant undertook to render him assistance in collecting his bill from the contractor; that such undertaking was in the form of requiring the contractor to furnish a bond; that the assistance was rendered negligently in that the defendant failed to secure the bond as undertaken.

The theory is ingenious, but it does not fit.

The owner's indirect promissory representation that a bond would be given can hardly create a more binding obligation than a direct promise to the plaintiff to pay him or see that the general contractor pays him.

In such a case, the law is clear and well settled. MCLA § 566.132 (Stat Ann 1970 Rev § 26.922) provides that such promises must be in writing. We have many times held this statute applicable to cases of this kind. *Welch* v. *Marvin* (1877), 36 Mich 59; *Carr* v. *Leavitt* (1884), 54 Mich 540; *Dupuis* v. *Improvement Co.* (1891), 88 Mich 103; *Ramsdell* v. *The Citizen's Electric Light & Power Company* (1894), 103 Mich 89; *Wilhelm* v. *Voss* (1898), 118 Mich 106; *Sherman* v. *Alberts* (1908), 153 Mich 361; *Raridan* v. *Bick* (1932), 259 Mich 200.

Even the action of the owner of making payments to the subcontractor does not create an obligation to pay, in the absence of a writing. *Preston* v. *Young* (1881), 46 Mich 103.

Similarly, the subcontractor's forbearance from perfecting his mechanic's lien does not create an estoppel such as to support an oral promise to pay made by the owner. *Preston* v. *Zekind* (1891), 84 Mich 641.

*Lake Shore Stone Co.* v. *Westgate* (1920), 211 Mich 540, is inapplicable. There, township officials were held personally liable to the supplier by reason of their failure to secure the contractor's bond as required by MCLA § 570.101 (Stat Ann 1970 Rev § 26.321).

The distinction between public and private improvements is substantial. In the public sector, there is a statute requiring the bond; there is no mechanic's lien available for the protection of the subcontractor.

Moreover, it is noted that the township officials were the defendants in *Westgate,* and not the township itself.

The township was not required to make double payments as sought here against this defendant.

The judgment should be affirmed. Costs to appellee.

BLACK, ADAMS, SWAINSON, and WILLIAMS, JJ., concurred with T. E. BRENNAN, J.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH, J., concurred in the result.