### SHURLOW TILE & CARPET COMPANY v FARHAT

1. APPEAL AND ERROR—DIRECTED VERDICT.

   The test to be used in passing upon the propriety of a directed verdict is whether, from the facts seen in the light most favorable to the plaintiff, reasonable men could honestly reach a different conclusion.

2. CONTRACTS—EVIDENCE—ORAL CONTRACTS—WITNESSES.

   A witness's belief that a contract existed between a plaintiff and defendants is insufficient to prove its existence; an expression of his own idea of the nature and effect of the transaction cannot control the legal operation of the undoubted facts.

3. FRAUDS, STATUTE OF—CONTRACTS—PROMISE TO PAY DEBT OF AN-OTHER.

   A promise by a defendant to pay the debt of another to a plaintiff is controlled by the statute of frauds, and such a promise must be in writing (MCLA 566.132[2]).

4. FRAUDS, STATUTE OF—REQUISITE WRITING—CONTRACTS—SUBCON-TRACTORS—PAYMENTS BY OWNER—PARTIAL PERFORMANCE.

   The fact that the owners of a building wrote a check to a subcontractor does not evidence the existence of a contract to pay claimed by the subcontractors; the check was not the requisite writing or part performance to take the transaction out of the statute of frauds.

5. CONTRACTS—BREACH OF CONTRACT—QUANTUM MERUIT.

   There can be no recovery on *quantum meruit* where a plaintiff relies on a breach of an express contract.

## Appeal from Ingham, Donald L. Reisig, J. Sub-

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial § 336.
[2] 17 Am Jur 2d, Contracts § 44 *et seq.*
[3, 4] 72 Am Jur 2d, Statute of Frauds §§ 242–249.
[5] 17 Am Jur 2d, Contracts §§ 445–447, 505, 519, 521.

mitted Division 2 February 6, 1975, at Lansing. (Docket No. 18896.) Decided April 23, 1975.

Complaint by Shurlow Tile & Carpet Company against Leo A. Farhat and Gerald Doyle for an unpaid contract balance. Judgment for defendants. Plaintiff appeals. Affirmed.

*Rhoades, McKee & Boer* (by *Paul W. Armstrong),* for plaintiff.

*Farhat, Burns & Story, P. C.* (by *E. Michael Stafford),* for defendants.

Before: Bashara, P. J., and R. B. Burns and M. J. Kelly, JJ.

M. J. Kelly, J. Defendants are the owners of an 8-unit apartment building in Lansing. Plaintiff performed the tile work and some carpeting work on the apartment when it was built. Plaintiff brought suit for $5,069.79, which it claimed was the unpaid contract balance. A jury was impaneled and, at the close of the proofs, a directed verdict in favor of defendants was ordered. Plaintiff appeals.

The general contractor for the project was Lincoln Lawns Development Corporation, an organization whose principal officer was Ronald Schoen. The general contract price of $65,000 was paid in full to or on behalf of Lincoln Lawns. Apparently Lincoln Lawns became financially troubled and was unable to pay plaintiff. Before the instant suit was tried plaintiff had obtained a $5,069.79 judgment against Mr. Schoen, personally, on the claim. The judgment was unsatisfied.

The proofs revealed that Schoen contacted plaintiff about doing the tile and carpeting work. Plain-

tiff had worked for Schoen on another project, but had no prior contact with defendants. Because of plaintiff's experience with Schoen ("bad dealings") it "did not want to do business with him if he was paying the bills".

Plaintiff pled unjust enrichment and two distinct contract claims. It claimed that there was a direct construction contract between plaintiff and defendants, with Schoen acting as their agent. It was also claimed that there was a contract between the parties whereby defendants promised to pay the debt of Lincoln Lawns to plaintiff.

The contract claims stem primarily from a meeting attended by Schoen, Mr. and Mrs. Doyle and Bill Shurlow, an officer of plaintiff. Although there are serious disagreements between the participants as to what transpired, we accept for our purposes, the version most favorable to plaintiff, that of Mr. Shurlow. He testified that he brought tile and carpet samples to the Doyle home so that the Doyles could select the colors they would use. While Mrs. Doyle and Schoen were out of the room, Mr. Shurlow expressed apprehension that his company would not be paid by Mr. Schoen. According to Shurlow, Mr. Doyle replied, "Just send the bill to me and I will give it to Leo [Farhat] and Leo will pay the bills".

Two documents relied on by defendants were a waiver of lien form for the work in question signed by Mr. Shurlow in favor of Lincoln Lawns Corp. and the contract between defendants and Lincoln Lawns. There was also testimony by deposition of Mr. Schoen regarding the general contract between Lincoln Lawns and the defendants and the subcontract between Lincoln Lawns and the plaintiff.

After plaintiff's work was partially completed a

$2,500 check had been sent to plaintiff. The check was drawn on the trust account of defendant Farhat. Many subcontractors received payment directly from defendants upon receipt of an affidavit by Lincoln Lawns that the work had been satisfactorily performed.

The test to be used in passing on the propriety of a directed verdict is "whether from the facts in the light most favorable to plaintiff, reasonable men could honestly reach a different conclusion". *Anderson v Gene Deming Motor Sales, Inc,* 371 Mich 223, 229; 123 NW2d 768, 771 (1963), *Sparks v Luplow,* 372 Mich 198, 202; 125 NW2d 304, 306 (1963), *Kucken v Hygrade Food Products Corp,* 51 Mich App 471, 474; 215 NW2d 772, 773 (1974).

There is clear, unrebutted evidence of a general contract between defendants and Lincoln Lawns and a subcontract between Lincoln Lawns and plaintiff. Mr. Shurlow's belief that a contract existed between plaintiff company and these defendants is insufficient to prove its existence.

Facing a similar fact situation, the Court in *Preston v Young,* 46 Mich 103, 105; 8 NW 706 (1881) noted:

"This is nothing more than an explanation of what his purpose was and an expression of his own idea of the nature and effect of the transaction. It cannot control the legal operation of the undoubted facts."

The testimony of Mr. Shurlow, at best, shows the existence of a promise by one of the defendants to pay the debt of Lincoln Lawns to plaintiff.

The Michigan statute of frauds, MCLA 566.132; MSA 26.922 reads in pertinent part:

"In the following cases specified in this section, every agreement, contract and promise shall be void, unless

such agreement, contract or promise, or some note or memorandum thereof be in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized, that is to say:

* * *

"2. Every special promise to answer for the debt, default or misdoings of another person."

The promise here in issue is directly controlled by the statute. *Wilhelm v Voss,* 118 Mich 106; 76 NW 308 (1898), *Roulo v Automobile Club of Michigan,* 386 Mich 324, 329; 192 NW2d 237, 240 (1971).

Plaintiff claims that the $2,500 check was the "note or memorandum" necessary to satisfy the statute's requirement of a writing. The Court in *Roulo, supra,* said (386 Mich 324, 329):

"Even the action of the owner of making payments to the subcontractor does not create an obligation to pay, in the absence of a writing."

We do not believe that the check provided the requisite writing. The payment was made by defendant Farhat, as were other subcontract payments, through a trust fund pursuant to an agreement of defendants with the general contractor and the financing company. The contractor would bring the affidavit and waiver of lien to the financing company, which would give Farhat a check for the amount owed. That check would be deposited in the trust fund, and a check drawn on the trust fund would be sent to the subcontractor.

Thus, the payments were not even direct payments by the owners to the subcontractors. The fact that defendants wrote a $2,500 check to plaintiff does not evidence the existence of the contract claimed by plaintiff. We hold that the check was

not the requisite writing or part performance to take the transaction out of the statute of frauds.

· In passing on the *quantum meruit* claim, the trial judge correctly relied on the language of *Geistert v Scheffler,* 316 Mich 325, 335; 25 NW2d 241, 241 (1946):

"Where the plaintiff relies on breach of an express contract there can be no recovery on *quantum meruit.*"

The plaintiff waived the protection of the lien laws designed for satisfying claims of this kind. It has taken its express contract to judgment against another for the claimed balance due. We agree with the trial court that reasonable men could not differ on this result.

Affirmed. No costs.