FOSHEE v CITY OF DETROIT

DEATH—WRONGFUL DEATH—NEGLIGENCE—DUTY TO PLAINTIFF—CAUSATION—SUMMARY JUDGMENT—COURT RULES.

A complaint in a wrongful death action should allege ultimate facts showing the relation out of which arose the duty of a defendant to exercise appropriate care with reference to the rights of a plaintiff's decedent and the negligent act of omission or commission for which defendant was responsible that proximately caused the death; summary judgment for the defendant, based on a failure to state a claim upon which relief can be granted, is appropriate where the complaint does not contain such allegations (GCR 1963, 117.2[1]).

Appeal from Wayne, Andrew Di Maggio, J. Submitted May 11, 1977, at Detroit. (Docket No. 30103.) Decided June 20, 1977. Leave to appeal applied for and by order of the Supreme Court, reversed and remanded, 401 Mich —.

Complaint by Clara Foshee, administratrix of the estate of Regina Foshee, deceased, against the City of Detroit, Community Development Commission, for damages for wrongful death. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Barbara, Ruby, Domol, Bowerman, Miller & Aaron, P. C.* (by *Peter R. Barbara* and *Frank G. Becker),* for plaintiff.

*Buchanan, Ogne & Jinks, P. C.,* for defendant.

Before: BASHARA, P. J., and QUINN and BEASLEY, JJ.

REFERENCES FOR POINTS IN HEADNOTE
23 Am Jur 2d, Death §§ 204, 209.
73 Am Jur 2d, Summary Judgment § 16.

QUINN, J. This wrongful death action based on alleged negligence and nuisance was disposed of in the trial court by summary judgment, GCR 1963, 117.2(1), in favor of defendant. Plaintiff appeals.

Accepting the well-pleaded facts to be true, does the complaint state a claim upon which relief can be granted?

The pertinent facts alleged are:

1. As part of its urban renewal program, defendant owned a vacant house located at 4736 Lincoln, Detroit. On or about May 1, 1975, the body of plaintiff's decedent was found therein dead of strangulation. (Plaintiff's conclusions that her decedent was taken there against her will and strangled to death are not accepted as facts.)

2. Defendant knew, or should have known, that wrongdoers were in the habit of entering the house and performing unlawful acts therein.

3. That entrances to the house were not locked and the windows were not boarded up. Inspection of the premises was not made.

Thereafter, certain duties allegedly owed by defendant to the general public and to plaintiff's decedent with reference to the vacant house are stated. However, the complaint does not allege ultimate facts showing the relationship out of which arose the duty of defendant to exercise appropriate care with reference to the rights of plaintiff's decedent, nor the negligent act of omission or commission for which defendant is responsible, that proximately caused the death. Such allegations are essential to state a claim upon which relief can be granted, *Gonzalez v Pensacola,* 65 Fla 241; 61 So 503 (1913).

Affirmed without costs.