FOSHEE v CITY OF DETROIT (ON REMAND)

1. JUDGMENT—SUMMARY JUDGMENT—FAILURE TO STATE CLAIM—
   COURT RULES.
   A motion for summary judgment based on a failure to state a
   claim upon which relief can be granted requires the court to
   examine the complaint and decide whether it states a claim,
   without disregarding any well-pleaded fact and without expand-
   ing the allegations by inference (GCR 1963, 117.2[1]).

2. PLEADING—NEGLIGENCE—WRONGFUL DEATH—ULTIMATE FACTS—
   SUMMARY JUDGMENT—FAILURE TO STATE CLAIM—COURT RULES.
   A complaint in a wrongful death action need not allege ultimate
   facts showing the relation out of which arose the duty of the
   defendant to exercise appropriate care with reference to the
   rights of the plaintiff's decedent and the negligent act for which
   the defendant was responsible that proximately caused the
   death; summary judgment based on a failure to state a claim
   upon which relief can be granted is not appropriate unless it
   appears beyond doubt that the plaintiff can prove no set of
   facts in support of his claim which would entitle him to relief
   (GCR 1963, 117.2[1]).

Appeal from Wayne, Andrew DiMaggio, J. Sub-
mitted November 7, 1977, at Lansing. (Docket No.
77-4311.) Decided December 6, 1977.

Complaint by Clara Foshee, administratrix of
the estate of Regina Foshee, deceased, against the
City of Detroit, Community Development Commis-
sion, for damages for wrongful death. Summary
judgment for defendant. Plaintiff appealed. Af-
firmed, 76 Mich App 377 (1977). Plaintiff applied
for leave to appeal to the Supreme Court, which,
in lieu of granting leave to appeal, reversed and

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 61 Am Jur 2d, Pleading § 229 *et seq.*

remanded to the Court of Appeals for reconsideration, 401 Mich 847 (1977). On remand, the trial court is reversed and the cause remanded for trial.

*Barbara, Ruby, Domol, Bowerman, Miller & Aaron, P. C.* (by *Peter R. Barbara* and *Frank G. Becker),* for plaintiff.

*Buchanan, Ogne & Jinks, P. C.,* for defendant.

Before: BASHARA, P. J., and QUINN and BEASLEY, JJ.

## ON REMAND

QUINN, J. Following the decision of this Court in the above case, 76 Mich App 377; 256 NW2d 601 (1977), plaintiff applied for leave to appeal to the Supreme Court. On October 27, 1977, the Supreme Court entered the following order in this cause:

"Leave to appeal considered October 27, 1977. Pursuant to GCR 1963, 853.2(4), in lieu of leave to appeal, the Court of Appeals is reversed and the cause is remanded for consideration of the issues raised in plaintiff's brief in that Court. The Court of Appeals erred in requiring plaintiff's complaint to allege 'ultimate facts' and in disregarding plaintiff's allegations that plaintiff's decedent was taken against her will to a vacant house owned by the defendant and there strangled to death. A motion for summary judgment under GCR 1963, 117.2(1) requires that the court 'examine the complaint and decide whether it states a claim. We are not free to disregard any well pleaded fact, nor to expand the allegations by inference.' *Roulo v Automobile Club of Michigan,* 386 Mich 324, 326 [192 NW2d 237] (1971). Modern pleading under the General Court Rules of 1963 does not require a complaint to allege 'ultimate facts'. '[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Conley v Gibson,* 355 US 41, 45; 78 S Ct 99; 2 L Ed 2d 80 (1957). This Court retains no further jurisdiction." 401 Mich 847 (1977).

On reconsideration of this case pursuant to the above order, we find that we have no alternative but to reverse the trial court and remand this case for trial.

Reversed and remanded but without costs.