ANNA E. STALEY v. GEORGE S. FORREST, Appellant.

**Automobile accident:** NEGLIGENT OPERATION: LIABILITY. The operation of an automobile at a dangerous rate of speed, in view of a curve in the street, and running the machine directly toward the driver of a horse in such a manner as likely to frighten a reasonably safe horse, and which resulted in the fright of the horse, causing it to jump aside to avoid collision and thus overturn the vehicle and injure the occupant, was actionable negligence, for which the operator of the machine was liable.

**Damages:** PERSONAL INJURY: JUDGMENTS: ERRONEOUS ALLOWANCE OF INTEREST. Interest should not be computed from the date of an injury on an award of damages for pain and suffering, and an instruction authorizing the same was erroneous. In the instant case judgment was entered on the verdict including such interest, but on a motion for new trial on that ground the court eliminated the erroneous allowance, which was ascertainable, and entered final judgment for the balance as of the date of the original judg-.

ment. *Held*, that this was the equivalent of granting a new trial on condition that plaintiff should not accept judgment for the reduced amount, and was a substitute for the judgment first entered and was proper.

*Appeal from Hardin District Court.*—HON. C. G. LEE, Judge.

·FRIDAY, NOVEMBER 15, 1912.

ACTION to recover damages for injuries received by plaintiff as a result of alleged negligence on the part of defendant in operating an automobile. There was judgment for plaintiff, from which defendant appeals.— *Affirmed.*

*Lundy, Wood & Baskerville,* for appellant.

*Bryson & Bryson,* for appellee.

McCLAIN, C. J.—The material allegation of negligence on the part of defendant which was submitted to the jury was that defendant operated his automobile at an unreasonable and dangerous rate of speed on a street of the city of Iowa Falls, approaching plaintiff who was driving a horse and buggy from the opposite direction on such street, causing the horse of the plaintiff to become frightened, upsetting the buggy, and throwing the plaintiff out, with the result that her arm was broken.

I. The contention that the verdict for the plaintiff is without support of any evidence in the record tending to show negligence of the defendant need not be considered at any great length. Although the plaintiff's own testimony as to what she observed in the excitement of the moment as she came around a curve onto the street and was met by the defendant in his automobile does not tend very

1. AUTOMOBILE ACCIDENT: negligent operation: liability.

strongly to establish negligent conduct on the part of the defendant, nevertheless, there was testimony of a witness who was in a position to observe the circumstances, from which the jury might well have believed that at a rate of speed which was dangerous and negligent, in view of the curve in the street at the approach of a bridge, defendant ran his machine directly toward the plaintiff in a manner calculated to frighten even a reasonably safe and well-trained horse, and that as a result of this conduct of defendant, which might well have been anticipated, plaintiff's horse was frightened, and jumped aside to avoid an imminent collision, upsetting plaintiff's buggy, and causing the injury complained of.

In this connection we may notice an assignment of error relating to the admission of the evidence of a witness who was allowed to testify as to the speed at which the defendant's automobile was being operated at the time of the accident; the claim made being that the witness did not show himself competent to give an opinion as to the rate of speed. The point is not pressed in argument, and an examination of the testimony of the witness shows that it is not well taken. The witness clearly showed such competency as to justify the court in receiving the evidence.

II. As to the amount of damages which might be allowed, the jury was instructed to take into account pain and suffering already endured by the plaintiff, if any, and such pain and suffering as it was reasonably certain from the evidence would be endured by her in the future, if any. And the jury was then directed that on determining the amount allowed as damages interest should be computed on that amount from the time of the injury and be added to the amount of the damages, and that the sum thus ascertained would be the amount of the verdict.

2. Damages: personal injury: judgments: erroneous allowance of interest.

It is conceded that this instruction was erroneous, for the reason that it directed interest to be computed from the

time of the injury on the amount allowed for future pain
and suffering. *Jacobson v. United States Gypsum Co.*, 150
Iowa, 330.

The jury, in fact, returned a verdict for $1,236.60,
and judgment was immediately entered for the plaintiff
in that sum. On a 'motion for a new trial, this error was
called to the attention of the court; and the judge, in rul-
ing upon such motion which covered also other grounds
for new trial, filed a finding in which the error of the
instructions as to the allowance of interest was attempted
to be corrected by the reduction of the verdict so as to
eliminate the item of interest which it was presumed the
jury had included in its verdict covering the period from
the date of the injury to the date on which the verdict
was rendered. It is proper to say in explanation of the
action of the judge that the decision of this court in the
case above cited was announced between the time of the
giving of the instruction and the time of ruling on the
motion. In connection with the filing of this written find-
ing by the judge ruling on the motion for a new trial, a
judgment entry was made reciting that:

By agreement of parties entered of record in term
time, the motion for new trial in this cause was to be sub-
mitted in vacation and ruling and entry made as of the
date of said agreement. The motion for new trial having
been submitted, and the court having considered the same
and having filed its finding, it is now ordered that the said
motion be overruled and that the plaintiff have and recover
judgment for the sum of $1,200 with interest at the rate
of six percent from the date the verdict was returned into
court, viz., the 26th day of January, 1911. To the over-
ruling of defendant's motion and to all entries herein the
defendant excepts.

The contention for appellant is that the judgment
for $1,236.60 entered on the verdict at the time it was re-
turned was erroneous on account of the error in the instruc-
tion relating to interest, and that the court had no authority

to subsequently enter a corrected judgment, and that, as the first judgment was not set aside, a second judgment on the same verdict is necessarily erroneous. It is not contended, however, that the second judgment, if properly entered, does not eliminate the prejudicial error in regard to the allowance of interest. The sole question presented in this respect is as to whether the second judgment is valid; for, of course, it is of no validity if there remains on the record a prior judgment entered on the same verdict. It is clear that the court had the authority in ruling on the motion for new trial to determine that the verdict included an item of damage for which allowance should not have been made, and, as the court had directed the jury to include interest which should not have been included, the court might properly enter judgment for the amount of damages found by the jury, excluding the amount which it must be presumed the jury had included on account of the erroneous instruction as to interest. By agreement of the parties, the judge had authority in vacation to make such entry as the court might have made at the term, and that authority included the entry of judgment on the verdict for the proper amount. There was no occasion, therefore, to award a new trial on condition that plaintiff should not accept a judgment for a reduced amount. The erroneous allowance on account of interest was ascertainable, and the court might eliminate the amount of such erroneous allowance and render final judgment for the balance.

Thus it appears that the only grievance of the appellant is in this respect that a judgment had already been entered on the verdict which remained a valid and binding adjudication notwithstanding the attempt to enter a subsequent correct judgment. Construing together the original judgment, the written finding of the judge in ruling on the motion for a new trial, and the final judgment entry, it is plain that the effect of the action of the court was to

set aside the first judgment, and to enter a new and correct judgment in its place as of the same date. It could hardly be contended that, if the ruling on the motion for a new trial had expressly recited the setting aside and vacation of the first judgment, the second and correct judgment would not have been effectual. The intention of the trial judge in his ruling to set aside and cancel the judgment already entered is perfectly clear; and it is perfectly clear that the second and correct judgment is a substitute for the judgment first entered.

We reach the conclusion that the final judgment is for a correct amount, and such judgment is therefore,— *Affirmed*.