Chester F. MROWKA, Sr., Guardian and Conservator of the person and property of Chester F. Mrowka, Jr., Appellant,

v.

CROUSE CARTAGE COMPANY, William Gordon, and Consolidated Freight & Storage Co., Appellees.

No. 63798.

Supreme Court of Iowa.

Sept. 17, 1980.

Robert L. Fanter of Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, and Harold J. Friedman and John T. Flaherty of Preti, Flaherty & Belveau, Portland, Maine, for appellant.

Ross H. Sidney and Stephen D. Hardy of Grefe & Sidney, Des Moines, for appellees.

Considered by REYNOLDSON, C. J., and LeGRAND, ALLBEE, McGIVERIN, and LARSON, JJ.

REYNOLDSON, Chief Justice.

The issue in this appeal is whether we should overrule our prior case law and allow interest on a plaintiff's judgment in a personal injury case from the date of injury. Trial court's post–verdict ruling denied plaintiff's application to include such interest in its judgment on the verdict. We affirm.

Details of the two–vehicle collision are irrelevant to this appeal. Plaintiff's 26–year–old ward (hereafter designated plaintiff) sustained a severe brain injury which rendered him unconscious for some time. He underwent subsequent surgery, extensive hospitalization and medical treatment. There was overwhelming evidence of past and future pain, disability and loss of earnings. His medical experts testified the brain damage was irreversible. At time of trial plaintiff was living at home. He was ambulatory and could converse in a halting manner. He had regained long–term memory and his short–term memory was improving. Nonetheless, there was strong medical evidence that plaintiff was totally and permanently incapacitated.

Trial court sustained objections to defendants' proffered evidence concerning collateral source payment of certain expenses by social security and the Veteran's Administration.

The jury was instructed the measure of damages for impairment of future earning capacity was "the *present value* of the difference between the value of a person's services, if working, as he would have been but for the injury, and the value of the services of that person, if working, in the future." (Emphasis supplied.) In the same instruction the jury was further informed that

[t]he measure of damages for injuries to his person, pain and suffering, and future disability, if any you find, will be such amount as will fairly and reasonably compensate therefor. If you find that injuries are permanent or will to some extent disable him in the future, or require further hospital expense and attendant care, or hereafter cause pain and suffering, *you should determine and allow such further sum as paid now in advance will fairly and reasonably compensate for any such items as the evidence shows, with reasonable certainty, will result in the future from such injuries.*

(Emphasis supplied.)

The jury returned a plaintiff's verdict for $300,000. As above noted, trial court denied plaintiff's application to include prejudgment interest in the judgment entered. Plaintiff's appeal is limited to this asserted error.

I.  *Issue of allowance of prejudgment interest.*

Iowa has followed the general rule that interest runs from the time money becomes due and payable, and in the case of unliquidated claims this is the date they become liquidated, ordinarily the date of the judgment. *See Lemrick v. Grinnell Mutual Reinsurance Co.*, 263 N.W.2d 714, 720 (Iowa 1978); *Wetz v. Thorpe*, 215 N.W.2d 350, 357 (Iowa 1974); *Abel v. Dodge*, 261 Iowa 1, 10–12, 152 N.W.2d 823, 828–29 (1967); § 535.2(1)(b), The Code 1979. One exception to this rule is recognized "in cases in which the entire damage for which recovery is demanded was complete at a definite time before the action was begun." *Bridenstine v. Iowa City Electric Railway*, 181 Iowa 1124, 1136, 165 N.W. 435, 439 (1917).

Referring to this departure from the ordinary rule we said in *Lemrick* :

Actions for wrongful death ordinarily come within this exception, *Wetz v. Thorpe*, 215 N.W.2d 350 (Iowa [1974]), whereas other personal injury actions ordinarily do not do so unless the damage appears to have been complete at a particular time. *Jacobson v. United States Gypsum Co.*, 150 Iowa 330, 130 N.W. 122 [1911].

263 N.W.2d at 720. *But see Kuper v. Chicago & North Western Transportation Co.*, 290 N.W.2d 903, 910 (Iowa 1980) (If under the instructions loss to decedent's estate is computed as of the date of the verdict, then interest is allowable only from that time.).

Plaintiff's argument focuses on the word "appears" in the last–quoted sentence and asserts that the brain injury was complete when the collision occurred, thus the damages "appear" to have been complete at that time and the exception, not the rule, is applicable. Plaintiff argues that only an award of interest on the recovery will make him whole and prevent unjust enrichment of the defendants. There is merit in plaintiff's contention that a defendant may be unjustly enriched by deliberately withholding payment to which plaintiff is entitled, a consideration that has been noted. *See In re Air Crash Disaster Near Chicago, Illinois, on May 25, 1979*, 480 F.Supp. 1280, 1285–88 (N.D.Ill.1979); *State v. Phillips*, 470 P.2d 266, 274 (Alaska 1970). On the other hand, there are other considerations that rightly should enter into the equation, for example, whether plaintiff has made excessive demands, thus precluding pretrial settlement. *See* Comment, 49 U. Colo. L. Rev. 335, 352 (1978). Pretrial negotiations in this case are not part of the record. It may or may not be significant that the prayer in plaintiff's petition was for $4,000,000 and the verdict was for $300,000.

In *Lemrick* we held the damages of the two injured persons were not shown to have been complete at a particular time. 263 N.W.2d at 720. Thus we modified trial court's award of interest from the date of the collision. *Id.* However, we did permit interest to commence from the date of a stipulation that established the damage to each injured person exceeded the $10,000 maximum insurance available. *Id.* In *Jacobson*, cited in the above quotation from *Lemrick*, this court held a jury instruction erroneously permitted interest from the date of the injury when under the instructions the damage award was to include past and future pain, suffering and decreased earning power. The *Jacobson* court observed:

The general rule, however, that a personal injury never creates a debt, and does not become one until it is judicially ascertained and determined, has never been departed from by this court, and, if this be true, it was erroneous for the trial court to tell the jury to allow interest *eo nomine* upon the amount of damages awarded in a personal injury suit. *See Louisville Co. v. Wallace*, 91 Tenn. 35 (17 S.W. 882, 14 L.R.A. 548); *Ratteree v. Chapman*, 79 Ga. 574 (4 S.E. 684); *Lester v. Highland Co.*, 27 Utah, 470 (76 Pac. 341, 101 Am.St.Rep., 988); *Richmond v. Railroad, supra*. From the *Wallace* case we quote the following: "The measure of damages being thus fixed, it is expected that in determining it juries and courts will make the sum given in gross a fair and just compensation, and one in full of the amount proper to be given when rendered, whether soon or late after the injury, as, if given soon, it looks to continuing suffering and disability, just as, when given late, it includes that of the past. It is obvious that damages could not be given for pain and suffering and disability experienced on the very day of the trial, and then interest added for years before."

150 Iowa at 339, 130 N.W. at 125.

The *Jacobson* rationale has been followed consistently by this court in subsequent decisions. *Abel v. Dodge*, 261 Iowa at 11–12, 152 N.W.2d at 829; *Lawson v. Fordyce*, 237 Iowa 28, 68, 21 N.W.2d 69, 89–90 (1945); *Carter v. Marshall Oil Co.*, 185 Iowa 416, 421–22, 170 N.W. 798, 800 (1919); *Staley v. Forrest*, 157 Iowa 188, 190–91, 138 N.W. 441, 442 (1912).

It is apparent that certain damages a tortiously injured person might sustain may be fixed in amount and time of accrual prior to trial, for example, medical expenses. Disregarding the complexities of piecemeal computation, reason and logic may dictate that interest should be computed on those items from the time the expense is incurred. The same logic might not call for interest on an award for future

pain and loss of income to be allowed retroactively as though it were sustained *in toto* on the date of the injury. In any event, such a rule would require separate awards on the various damage elements to be fixed by the jury.

In this case the jury was not directed by the usual damage instruction, special interrogatories, or verdict form to disclose the separate amounts awarded for the several elements of damage. Nor does the record disclose plaintiff took exception, or submitted proposed instructions or interrogatories to elicit this information. Thus there is no adequate basis to grant plaintiff's request to the extent it might be reasonable. Nor has plaintiff asked for anything less than retroactive interest on the total verdict. *See generally Abel v. Dodge*, 261 Iowa at 11–12, 152 N.W.2d at 829; *Lawson v. Fordyce*, 237 Iowa at 67–68, 21 N.W.2d at 89–90.

Further, the language of the damage instruction, which generally followed Iowa Uniform Jury Instruction Numbers 3.8A and 3.9, referred to the "present value" of the damages for impairment of the ward's earning capacity, and the "sum as paid now in advance" that would compensate for future medical expenses, disability, pain and suffering. One could conclude the award was made as of trial time, not as of the date of the collision. To thrust such an award into the past for computation of interest from date of injury to date of payment would not properly reflect the injured person's total loss. *See Abel*, 261 Iowa at 10–12, 152 N.W.2d at 828–29; *Sisson v. Weathermon*, 252 Iowa 786, 800, 108 N.W.2d 585, 592 (1961). Minimally, the plaintiff's rationale would require the award to be discounted to the date of the injury.

In this case the jury's award, under the instructions, was not formulated as of the date of injury. This furnishes additional support for trial court's rejection of plaintiff's request to add interest from that time.

Finally, we note that the 1980 amendment to section 535.3, The Code 1979 (*see* 2 *Iowa Legislative Service* 146 (1980), providing that "interest [on all money due on judgments and decrees] shall accrue from the date of the commencement of the action,") apparently will mandate a change in our existing common law and uniform instructions.

II. *Issue of collateral payments.*

Defendants assert that to award plaintiff prejudgment interest on medical expenses paid by collateral sources (which payment they were not allowed to show) would unjustly enrich the plaintiff. Defendants did not cross–appeal and raise this argument as a defensive measure only. Our holding in division I makes this issue moot.

The ruling of trial court is affirmed. AFFIRMED.