B V MERROW COMPANY v STEPHENSON

Docket No. 46281. Submitted June 18, 1980, at Detroit.—Decided November 21, 1980.

Frank Mehlberg and Leo D. Keck were seriously injured when the truck in which they were riding was struck by the automobile driven by Philip E. Stephenson. Mehlberg and Keck were both employees of B. V. Merrow Company. The extent of their injuries was such that neither was able to return to work for a period of time. B. V. Merrow Company brought an action against Stephenson alleging negligence on the part of Stephenson in the operation of his automobile and seeking damages for the expenses incurred in replacing the injured employees and the loss of profits resulting from the incapacitation of these key employees. Defendant moved for summary judgment. The St. Clair Circuit Court, James T. Corden, J., granted defendant's motion for summary judgment on the basis that an employer has no cause of action for damages suffered as a result of a negligent act of a third person causing injury to its employees. Plaintiff appeals. *Held:*

Michigan has never recognized, either by statute or by controlling case law, the ancient common law action permitting a master to recover for the loss of the services of a servant injured by ill use or trespass. Since that rule is now recognized by a majority of jurisdictions as being a reflection of outdated social concepts, the Court of Appeals is not inclined to extend that rule so as to recognize this plaintiff's cause of action. Any recognition of that ancient rule by this state should come from the Supreme Court. The trial court properly granted summary judgment in favor of defendant.

Affirmed.

Master and Servant — Torts — Actions — Action by Employer.

There exists no cause of action in Michigan whereby an employer can recover damages from one who has tortiously injured his

References for Points in Headnote

[1] 53 Am Jur 2d, Master and Servant §§ 402, 403.

Employer's right of action against third person torturously killing or injuring employee. 57 ALR2d 802.

employee for the employer's expenses incurred in replacing the injured employee or the employer's lost profits incurred as a result of the incapacitation of the employee; recognition of any new cause of action creating such rights in an employer should come from the Michigan Supreme Court.

*Peter C. Payette, P.C.,* for plaintiff.

*Bush, Luce, Henderson & Bankson,* for defendant.

Before: N. J. KAUFMAN, P.J., and CYNAR and J. E. TOWNSEND,* JJ.

PER CURIAM. Plaintiff appeals as of right from the granting of defendant's motion for summary judgment pursuant to GCR 1963, 117.2(1) on the ground that an employer has no cause of action for damages suffered as a result of a negligent act of a third person that caused injury to its employees.

Plaintiff sought damages for loss of services of two employees injured in an accident on or about April 26, 1973. Plaintiff alleged in its complaint that Frank Mehlberg, a vice-president and owner of 49 percent of the Merrow Company stock, was riding in a truck driven by Merrow's project supervisor, Leo D. Keck, when a car driven negligently by defendant struck the truck. Both employees were seriously injured: Keck was unable to work for a period of time, and Mehlberg had not returned to work at the time the complaint was filed. Plaintiff sought to recover damages for expenses incurred in replacing the employees and for profits lost as a result of the incapacitation of key personnel.

We are presented but one issue for our review, *viz.:*

*Does an employer have a cause of action for*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*damages suffered as a result of a negligent act of a third person that caused an injury to its employees?*

The English cause of an action *per quod servitium amisit* allowed a master to recover for the loss of the services of a servant injured by ill use or trespass. *Mary's Case,* 9 Coke 111b (5 Coke's Reports 201, 204); 77 Eng Rep 895 (1612). This action was based on the recognition of a property interest of a master in his domestic servants. See, *Bonfanti Industries, Inc v Teke, Inc,* 224 So 2d 15 (La App, 1969).

Other jurisdictions are divided over whether such a cause of action should exist. See, Anno: *Employer's right of action against third person tortiously killing or injuring employee,* 57 ALR2d 802, 804-807.

A few modern cases have allowed recovery under the common law theory. The Third Circuit, using Pennsylvania law, allowed recovery to a maritime corporation for loss of a seaman's services on the ground that the relationship of a shipowner to a seaman is more closely analogous to that of a father to a child than to that of an employer to a mere employee. *Jones v Waterman S S Corp,* 155 F2d 992 (CA 3, 1946).

The Georgia Supreme Court recognized the action in *Fluker v Georgia Railroad & Banking Co,* 81 Ga 461; 8 SE 529 (1889), but Georgia now has enacted a statute governing the cause of action. Ga Code Anno, Title 105, § 107.

The cause of action is recognized on statutory grounds where a statute prohibits injuries to a servant. *Darmour Productions Corp v Herbert M Baruch Corp,* 135 Cal App 351; 27 P2d 664 (1933).

The modern trend is to reject such a cause of action as being based on an antiquated notion of

the master-servant relationship. *Offshore Rental Co, Inc v Continental Oil Co,* 22 Cal 3d 157; 148 Cal Rptr 867; 583 P2d 721, 727 (1978).

Courts in other jurisdictions have also rejected the common law rule. The Missouri Court of Appeals noted that the doctrine is considered "anomalous to contemporary life". *Frank Horton & Co, Inc v Diggs,* 544 SW2d 313, 314 (Mo App, 1976). See, also, *Steele v J & S Metals, Inc,* 32 Conn Sup 17; 335 A2d 629 (1974), *Phoenix Professional Hockey Club, Inc v Hirmer,* 108 Ariz 482; 502 P2d 164 (1972). New York courts have summarily refused to apply the old common law rule and have held:

"An employer has no right to recover damages sustained when one of its employees is injured in consequence of the negligence of a third party." *Ferguson v Green Island Contracting Corp,* 36 NY2d 742, 743; 368 NYS2d 163; 328 NE2d 792 (1975).

See also cases cited in *Offshore Rental Co, Inc, supra,* 167, fn 8.

Plaintiff cites one Michigan case in which this cause of action was discussed. *Hyatt v Adams,* 16 Mich 180 (1867). In that case, a husband was suing for the loss of services of his injured wife. The Court analogized to the common law action of a master for the loss of his servant. In discussing the survivorship of actions, Justice CHRISTIANCY wrote:

"This is the common law maxim: '*actio personalis moritur cum persona.*' * * *

"This would furnish an adequate reason why no action could be brought by personal representatives, or others, for such damages as the deceased might have recovered for the injury, if death had not ensued, as the action for such damages would not survive. But this

reason could have no application whatever to *an action brought by a master for loss of services of his apprentice,* or by a husband for those of his wife; since in these cases the cause of action could never have been vested in the servant or the wife, and could not be lost by the death." *Hyatt v Adams, supra,* 189. (Emphasis added.)

The reference to the cause of action was obiter dictum. No subsequent case cites *Hyatt* for this principle, nor did plaintiff diclose any other Michigan case referring to this cause of action.

Michigan has no statutory authority recognizing such a cause of action and lacks any common law precedent for authorizing the action. We are not inclined to extend a rule which is recognized by the majority of jurisdictions as being a reflection of outdated social concepts.

Moreover, if Michigan is to recognize a common law right of action, such recognition of the proposition before us should come from our court of last resort, the Supreme Court.

We conclude that the trial court properly granted summary judgment in favor of defendant and, therefore, affirm.

Affirmed. Costs to defendant.