In re SECURITY LIGHTING COMPANY, INC., a Michigan corporation, Debtor.

SECURITY LIGHTING COMPANY, INC., a Michigan Corporation, Plaintiff,

v.

Keith MILTON and Branch Motor Express Company, Inc., a foreign corporation, jointly and severally, Defendants.

Bankruptcy No. 81–01202.
Adv. No. 82–0435.

United States Bankruptcy Court,
E.D. Michigan, S.D.

May 12, 1983.

Leonard B. Shulman, Dean, Dean, Segar, Hart & Shulman, P.C., Flint, Mich., for plaintiff.

Lee C. Patton, Sullivan, Ward & Bone, P.C., Detroit, Mich., for defendants.

## MEMORANDUM OPINION

STANLEY B. BERNSTEIN, Bankruptcy Judge.

*Introduction*

This adversary proceeding was initiated by Security Lighting Company, Inc., ("Debtor"). The Debtor seeks damages and other remedies stemming from the alleged negligence of the defendants Keith Milton, the driver of a truck, and his employer, Branch Motor Express Company, Inc. ("Branch Motor").

*Statement of Facts*

For purposes of this motion the Court presumes the following facts set forth in the debtor's pleadings to be true.

The debtor is a corporation comprised of two shareholders, Messrs. Sapp and Beresford. The debtor's brief states that both shareholders actively participated in the daily operation of the company and that the company could not function without the services of both shareholders.

On September 14, 1981, Mr. Sapp was injured in an automobile accident involving Mr. Milton, a truck driver for Branch Mo-

tor. The plaintiff's brief describes the causal chain as follows:

'When the corporation was formed it executed certain notes secured by liens on machinery and equipment and guaranteed by the two shareholders.

As a result of the injury, Mr. Sapp was unable to work. Because he could not work, the corporation could not complete its contractual obligations and could not obtain additional business. As the result, the corporation defaulted on existing contracts, could not obtain additional contracts, the cashflow dried up, it was unable to make note payments, and the bank began to foreclose on the security agreements. As a result, the corporation sought protection of the Bankruptcy Act.

This lawsuit followed.

*Issue*

The issue in this proceeding is whether an employer has a valid cause of action for damages suffered as a result of a negligent act of a third person who caused an injury to one of its employees.

*Discussion*

■ In Michigan the elements of a cause of action in negligence are existence of a legal duty by the defendant toward the plaintiff, breach of that duty, cause in fact, proximate cause, and resulting damages. *Moning v. Alfono,* 400 Mich. 425, 254 N.W.2d 759 (1977); *Connelly v. Paul Ruddy's Equipment Repair Service Co.,* 388 Mich. 146, 200 N.W.2d 70 (1972); *Roulo v. Automobile Club of Michigan,* 386 Mich. 324, 192 N.W.2d 237 (1891).

■ The defendants have moved for dismissal based upon the absence of a legal duty to the plaintiff-debtor. In *Friedman v. Dozorc,* 412 Mich. 1, 22, 312 N.W.2d 585 (1981), the Michigan Supreme Court defined the concept of "duty" and held that existence of a duty is a question of law for the court:

In a negligence action the question whether the defendant owes an actionable legal duty to the plaintiff is one of law which the court decides after assessing the competing policy considerations for and against recognizing the asserted duty. [Citations Omitted.]

Dean Prosser has said that 'duty' is a question of whether the defendant is under any obligation for the benefit of a particular plaintiff and concurs "the problem of the relation between individuals which imposes upon one a legal obligation for the benefit of another." [Prosser, Torts (4th ed), § 53, p. 324.] Only if the law recognizes a duty to act with due care arising from the relationship of the parties does it subject defendant to liability for negligent conduct. [Footnote omitted.]

See also *American States Insurance Co. v. Albin,* 118 Mich.App. 201, 324 N.W.2d 574 (1982); *Romeo v. Van Otterloo,* 117 Mich. App. 333, 323 N.W.2d 693 (1982).

In arguing this motion the defendants correctly note that the plaintiff in this negligence action is not the injured or damaged party in his individual capacity; rather, this action was brought by the employer of the injured driver to recover damages for economic injury flowing from the accident.

Michigan has never recognized, either by statute or controlling case law, the ancient common law action permitting a master to recover for the loss of the service of a servant.[1] This was confirmed in *B.V. Merrow Company v. Stephenson,* 102 Mich.App. 63, 300 N.W.2d 734 (1980).

---

1. An historical analysis of the American rejection of the common law of master-servant in negligence cases is found in M. Horwitz, *The Transformation of American Law* (Harvard Univ. Press, 1977), Ch. 3. Professor Horwitz notes that for a moment South Carolina seemed to excuse the negligence of a slave for injury caused to another's property rather than impose liability on his master in *Snee v. Trice,* 2 Bay 345, 1 Brev 178 (SC 1802). Horwitz fails to take note of the decisions in several southern courts holding non-slaves liable to a master for damages from injuring or killing his slave. The reception by the South of the common law of master-servant as applied to the peculiar institution is, of course, part of the perversity of rationalizing slavery. We trust that counsel for the plaintiff does not wish to rely upon the law of slavery to sustain his claim.

The factual situation in *Stephenson* closely parallels the facts of this case:

> Plaintiff sought damages for loss of services of two employees injured in an accident on or about April 26, 1973. Plaintiff alleged in its complaint that Frank Mehlberg, a vice-president and owner of 49 percent of the Merrow Company stock, was riding in a truck driven by Merrow's project supervisor, Leo D. Keck, when a car driven negligently by defendant struck the truck. Both employees were seriously injured: Keck was unable to work for a period of time, and Mehlberg had not returned to work at the time the complaint was filed. Plaintiff sought to recover damages for expenses incurred in replacing the employees and for profits lost as a result of the incapacitation of key personnel.

*Id* at 64, 300 N.W.2d 734.

Similarly in this case the plaintiff is an employer asserting a claim for damages resulting from a negligent act of a third person which caused an injury to one of its employees.

In granting the motion for summary judgment in favor of the defendant, the Michigan Court of Appeals reasoned as follows:

> The English cause of an action *per quod servitium amisit* allowed a master to recover for the loss of the services of a servant injured by ill use of trespass. *Mary's Case,* 9 Coke 111b (5 Coke's Reports 201, 204); 77 Eng Rep 895 (1612). This action was based on the recognition of a property interest of a master in his domestic servants. See, *Bonfanti Industries, Inc v Teke, Inc.,* 224 So 2d 15 (La App, 1969).

> \* \* \* \* \* \*

> The modern trend is to reject such a cause of action as being based on an antiquated notion of the master-servant relationship. *Offshore Rental Co. Inc., v Continental Oil Co.* 22 Cal 3d 157; 148 Cal Rptr. 867; 583 P2d 721, 727 (1978).

> \* \* \* \* \* \*

> New York courts have summarily refused to apply the old common law rule and have held: "An employer has no right to recover damages sustained when one of its employees is injured in consequence of the negligence of a third party." *Ferguson v Green Island Contracting Corp.* 36 NY2d 742, 743; 368 NYS2d 163; 328 NE2d 792 (1975).

> \* \* \* \* \* \*

> Michigan has no statutory authority recognizing such a cause of action and lacks any common law precedent for authorizing the action. We are not inclined to extend a rule which is recognized by the majority of jurisdictions as being a reflection of outdated social concepts.

> Moreover, if Michigan is to recognize a common law right of action, such recognition of the proposition before us should come from our court of last resort, the Supreme Court.

*Id* at 65–67, 300 N.W.2d 734.

■ While the plaintiff admits its complaint may not state a cause of action under Michigan law, it argues that this Court, as a federal court, may reject common law rules declared by a Michigan intermediate court, if it considers the rules to be unsound and the Michigan Supreme Court has not yet ruled upon the issue.

■ Although the highest state court is the final authority on state law, it remains the duty of the federal courts to declare the state law or rule of decision when it has not been so declared by the highest court of the State. However, the decision of an intermediate state court, in the absence of compelling reasons for declaring a contrary result, should be followed by a federal court in deciding a state question. *Fidelity Union Trust Co. v. Field,* 311 U.S. 169, 177–178, 61 S.Ct. 176, 177–178, 85 L.Ed. 109 (1940) reh. den. 314 U.S. 709, 62 S.Ct. 118, 86 L.Ed. 565; *West v. American Telephone & Telegraph Co.,* 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139, 132 A.L.R. 956 (1940); *Poyner v. Erma Werke Gmbh,* 618 F.2d 1186, 1190 (6th Cir. 1980); *Ruth v. Bituminous Casualty Corp.,* 427 F.2d 290, 292 (6th Cir.1970). This is the essence of comity in a federal system.

This Court finds no compelling reason for holding that the Michigan Court of Appeals in *B.V. Merrow Co. v. Stephenson, supra,* has erred as a matter of law or public policy. It would be an abuse of this Court's duty to engage in a speculative analysis of how the presently constituted Michigan Supreme Court would decide the *Stephenson* issue, were it to come before that Court.

For the foregoing reasons, this Court holds as a matter of law that the plaintiff's complaint fails to state a valid claim upon which relief may be granted.

The complaint is dismissed.