Larry G. **BALSTER** and Gretchen A. Balster, Appellants,

v.

**STATE of Iowa, Appellee.**

No. 84–114.

Supreme Court of Iowa.

Jan. 16, 1985.

Rehearing Denied Feb. 8, 1985.

Dennis M. Gray and John M. McHale of The Peters Law Firm, P.C., Council Bluffs, for appellants.

Thomas J. Miller, Atty. Gen., and Craig Gregersen, Asst. Atty. Gen., for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, McCORMICK, McGIVERIN, and SCHULTZ, JJ.

McGIVERIN, Justice.

Plaintiffs Larry G. Balster and Gretchen A. Balster appeal from the trial court's order denying them prejudgment interest on their judgment against defendant State of Iowa in a tort action under Iowa Code chapter 25A. We affirm.

On appeal, plaintiffs contend that Iowa Code section 535.3 (1983) supports their claim to prejudgment interest, notwithstanding the contrary language of section 25A.4.

I. *Factual background.* On February 12, 1978, Larry G. Balster was injured when his car, in which he was riding as a passenger, went out of control and crashed on an icy approach ramp to Interstate 80 north of Avoca. He and his wife, Gretchen, filed a claim for these injuries with the State Appeal Board. *See* Iowa Code § 25A.3. The claim was denied. On November 24, 1980, pursuant to Iowa Code chapter 25A, plaintiffs filed a petition against the State of Iowa in district court, alleging negligence of the State in failing to properly maintain the entrance ramp as a proximate cause of Larry Balster's injuries. After trial to the court, judgment was entered on September 23, 1983, for plaintiff Larry G. Balster in the amount of $115,000 for his personal injuries and the property damage to his car and for plaintiff Gretchen A. Balster in the sum of $20,000 for loss of consortium. The judgment provided for payment of 10 percent interest per annum on the sums awarded from November 24, 1980, the date the petition was filed. *See* Iowa Code § 535.3.

Defendant filed a motion to enlarge and amend the conclusions of law and judgment pursuant to Iowa Rule of Civil Procedure

179(b). In the motion, defendant contended that, although section 535.3 provides generally for award of prejudgment interest, section 25A.4 provides specially that the State of Iowa shall not be liable for prejudgment interest. Defendant asked for amendment of the judgment to provide for interest only from the date of the judgment. Plaintiffs resisted the motion. After a hearing, the court granted defendant's motion and amended the judgment to provide for 10 percent interest per annum thereon only from September 23, 1983, the date judgment was entered.[1] This appeal by plaintiffs followed.

■ II. *Allowance of prejudgment interest against the State.* In 1965 the Iowa Tort Claims Act, Iowa Code chapter 25A, went into effect. The Act is a qualified waiver of sovereign immunity for tort claims against the State of Iowa. *See Adam v. Mt. Pleasant Bank & Trust Co.,* 340 N.W.2d 251, 252 (Iowa 1983); *Lloyd v. State,* 251 N.W.2d 551, 555 (Iowa 1977). Section 25A.4 provides in relevant part:

The state shall be liable in respect to such claims to the same claimants, in the same manner, and to the same extent as a private individual under like circumstances, *except that the state shall not be liable for interest prior to judgment* or for punitive damages.

(Emphasis added.)

Effective on January 1, 1981, Iowa Code section 535.3, dealing generally with interest on judgments and decrees, was amended. *See* 1980 Iowa Acts ch. 1170. The statute as amended provides in relevant part, "The interest shall accrue from the date of the commencement of the action." Before the 1980 amendment there was no statutory provision for award of prejudgment interest on tort claims.

We have stated that ordinarily the amended section 535.3 is to be applied retrospectively to the date the petition was filed, even though that date was prior to

---

1. The 10 percent interest rate of Iowa Code section 535.3 is made applicable to this case by Iowa Code section 25A.6.

the effective date of the revised section 535.3. *Oskaloosa Food Products Corporation v. The Aetna Casualty and Surety Company,* 337 N.W.2d 521, 522 (Iowa 1983); *Janda v. Iowa Industrial Hydraulics, Inc.,* 326 N.W.2d 339, 344 (Iowa 1982).

Plaintiffs contend that because the 1981 amendment to section 535.3 was enacted after section 25A.4 and provides for award of prejudgment interest, it should be construed as amending that part of section 25A.4 that exempts the State from liability for prejudgment interest. *See* Iowa Code § 4.8. Defendant maintains that section 25A.4 is a special statute regarding the award of prejudgment interest and so should prevail over the general provision expressed in the 1981 amendment to section 535.3. *See* Iowa Code § 4.7. We find defendant's contention to be more convincing.

Plaintiffs contend that section 25A.4 is not a special statute, because it evinces a legislative intent to treat the State similarly to private individuals with respect to the award of prejudgment interest. Plaintiffs argue that because individuals could not, prior to 1981, be held liable for prejudgment interest, the legislature, by enacting section 25A.4 in 1965, intended only to put the State on the same footing as individual litigants. Plaintiffs say section 25A.4 was intended to also protect the State from liability for prejudgment interest the same as a private individual was protected.

We do not agree. To say that individual litigants, prior to 1981, could not be held liable for prejudgment interest is incorrect. The rule was that interest on claims was allowed from the date a claim was liquidated, that is, when the damage to the claimant was complete. *See Vorthman v.*

*Keith E. Meyers Enterprises,* 296 N.W.2d 772, 778–79 (Iowa 1980). Our cases show that prejudgment interest was frequently awarded on claims for property damage and wrongful death.[2] *See Kuper v. Chicago & North Western Transportation Co.,* 290 N.W.2d 903, 910 (Iowa 1980) (property damage); *Lemrick v. Grinnell Mutual Reinsurance Co.,* 263 N.W.2d 714, 720 (Iowa 1978) (wrongful death); *Wetz v. Thorpe,* 215 N.W.2d 350, 358 (Iowa 1974) (wrongful death), and cases cited therein.

Thus, it was clear at the time section 25A.4 was enacted that an award of prejudgment interest to a successful litigant against a private individual was proper in some tort cases. We believe that the intent of the legislature in enacting section 25A.4 was to treat the State differently from individuals in this respect, by prohibiting State liability for prejudgment interest in tort cases where similarly situated individual litigants would be liable for it.[3] By virtue of its attention to the specific issue of State liability for prejudgment interest, section 25A.4 is properly viewed as a special statute in this respect.[4] As such, it prevails over section 535.3, which treats prejudgment interest generally. *See* Iowa Code § 4.7; *Doe v. Ray,* 251 N.W.2d 496, 501 (Iowa 1977); 2A Sutherland on Statutory Construction § 51.05 at 499 (4th ed. 1984).

The trial court did not err in amending the judgment to exclude payment by defendant of prejudgment interest. The case is affirmed.

AFFIRMED.

---

2. Claims for personal injuries were ordinarily denied prejudgment interest on the grounds that damages in such cases involved items such as future pain and suffering and future loss of income, which were not "complete" until judgment was entered. See *Staley v. Forest,* 157 Iowa 188, 190–91, 138 N.W. 441, 442 (1912); *Jacobson v. United States Gypsum Co.,* 150 Iowa 330, 338–39, 130 N.W. 122, 125 (1911).

3. Plaintiffs do not urge any state or federal constitutional bar to such a provision and so we express no opinion as to whether one exists.

4. Iowa Code section 4.7 provides:
 If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision.