ANDERSON PLASTERERS, Appellant,

v.

George **MEINECKE** and Meinecke Brothers, Appellees.

No. 94–1862.

Supreme Court of Iowa.

Feb. 14, 1996.

Theodore R. Hoglan of Fairall, Fairall, Kaplan, Hoglan, Condon & Klaessy, Marshalltown, for appellant.

Sharon Soorholtz Greer of Cartwright, Druker & Ryden, Marshalltown, for appellees.

Considered by McGIVERIN, C.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

LARSON, Justice.

Two workers for Anderson Plasterers (employer) were injured by a third party, George Meinecke. The employer sued Meinecke for damages for its loss of the workers' time, expense of hiring replacement workers, and increased workers' compensation premiums. The district court granted summary judgment against the employer on the ground that Iowa does not recognize such a claim. We affirm.

The sole issue is whether we will recognize a claim by an employer against a negligent third party for injuries suffered by the plaintiff's employees. The case does not involve disputed factual issues, and it therefore lends itself to disposition by summary judgment. *See Hameed v. Brown,* 530 N.W.2d 703, 707 (Iowa 1995).

Our court has apparently not addressed the issue of third-party liability to an employer. However, under old English common law, the cause of action *per quod servitium amisit* allowed a master to recover for the loss of a servant's services. *B.V. Merrow Co. v. Stephenson,* 102 Mich.App. 63, 300 N.W.2d 734, 735 (1980) (citing Mary's Case, 9 Coke 111b (5 Coke's Rpts. 201, 204); 77 Eng.Rep. 895 (1612)); *see also* Black's Law Dictionary 1028 (5th ed. 1979).

The rationale for this cause of action was that employees were then virtually property of their employers, and the suit against the third party was to redress a property loss. *See* Joel E. Smith, Annotation, *Employer's Right of Action for Loss of Services or the Like Against Third Person Tortiously Killing or Injuring Employee,* 4 A.L.R.4th 505, 508 (1981) [hereinafter Annotation].

Now such claims have been virtually eliminated. *See* Restatement (Second) of Agency § 316 cmt. b (1958) ("For several hundred years ... there have been few cases in which a master has brought an action for negligent harm to a servant not a member of his family.").

The present status of the law is summarized:

As to whether an employer has a cause of action based on the tort of interference with contractual relations where the interference is in the form of injuries to an employee caused by a third person thus resulting in a loss of services to the employer, the courts considering the issue have uniformly denied a recovery where the employee's injuries were caused by the negligence of the third person. The courts in these cases have expressly or impliedly concluded that a cause of action for tortious interference with contractual relations will lie only where the interference is intentional as opposed to negligent.

Annotation, at 509.

Such claims are said to be poorly suited to modern society. *I.J. Weinrot & Son, Inc. v. Jackson,* 40 Cal.3d 327, 220 Cal.Rptr. 103, 112, 708 P.2d 682, 691 (1985) (finding doctrine "obsolete, archaic and outmoded" and irrelevant to contemporary employer-employee relationships); *B.V. Merrow Co.,* 300 N.W.2d at 736 (characterizing such claims as based on "outdated social concepts"); *Frank Horton & Co. v. Diggs,* 544 S.W.2d 313, 314 (Mo.App.1976) (considering the rule "anomalous to contemporary life").

Under the Restatement of Torts,

[o]ne is not liable to another for pecuniary harm not deriving from physical harm to the other, if that harm results from the actor's negligently

(a) causing a third person not to perform a contract with the other, or

(b) interfering with the other's performance of his contract or making the performance more expensive or burdensome....

Restatement (Second) of Torts § 766C (1979). In addition to being obsolete because of changes in the employer-employee relationship, the Restatement explains further why the cause of action is now rejected:

[T]here has been no general recognition of any liability for a negligent interference.... The explanation usually given by the courts, when one is given at all, is that the harm is too "remote" for negligence liability and that the defendant's conduct is not the "proximate cause." In most of the cases in which recovery has been denied, the defendant has had no knowledge of the contract or prospective

relation and no reason to foresee any harm to the plaintiff's interests; and the decision sometimes has been explained under the rule as to unforeseeable plaintiffs.... It seems more likely, however, that it is the character of the contract or prospective interest itself that has led the courts to refuse to give it protection against negligent interference. They apparently have been influenced by the extremely variable nature of the relations, the fear of an undue burden upon the defendant's freedom of action, the probable disproportion between the large damages that might be recovered and the extent of the defendant's fault, and perhaps in some cases the difficulty of determining whether the interference has in fact resulted from the negligent conduct.

Restatement (Second) of Torts § 766C cmt. a.

The Restatement rule under section 766C applies when the interference is unintentional. The rule is different if the interference was intentional; in that case, a cause of action may be recognized. Restatement (Second) of Torts § 766; Annotation, at 512. However, this employer does not claim that the injuries were intentionally caused.

The employer acknowledges that recovery under its theory has been almost universally denied but asks us to adopt its argument that public policy supports recognition of such claims. It argues that it is reasonably foreseeable that other victims not directly involved in the event may be damaged, and those victims should be allowed a right of recovery. Such a suit would be analogous to one in which a family member who was not involved directly in the incident is allowed to recover for loss of consortium.

In this case, as in others in which public policies are considered, line drawing is always necessary. We believe that the problems pointed out above are greater in the context of an employer/third-party confrontation than in other cases such as those involving loss of consortium. Moreover, the solicitude shown by courts for the rights of family members is considerably greater than for those arising out of a purely commercial relationship.

We adopt the prevailing view that such claims should be denied and therefore hold that the district court properly granted summary judgment.

**AFFIRMED.**