**Gaila M. Ehlers, Plaintiff,**

v.

**Gerald K. SCHIMMELPFENNIG, Appellant,**

v.

**EAGLE NATIONAL ASSURANCE CORPORATION, Appellee.**

**No. 00–0858.**

Supreme Court of Iowa.

April 3, 2002.

Gregg Pieper, Fairfield, for appellant.

Michael J. Moreland of McKay, Moreland & Webber, P.C., Ottumwa, for appellee.

PER CURIAM.

This dispute arises in a claim for indemnification by a dog owner, Gerald K. Schimmelpfennig, against his liability insurance company, Eagle National Assurance Corporation (Eagle National), based on the insurer's refusal to pay a claim or defend a suit against Schimmelpfennig by Gaila M. Ehlers, a dog-bite victim. The district court awarded Schimmelpfennig recovery for attorney fees, deposition costs, and also for Ehlers' lost wages and medical expenses, which Schimmelpfennig paid after Eagle National refused coverage. The court refused to allow prejudgment interest on these sums. Because we conclude that some prejudgment interest was allowable on the sums recovered, we modify the judgment of the district court.

In response to a third-party petition filed against Eagle National by Schimmelpfennig in Ehlers' action, the jury entered a special verdict establishing that Eagle National's policy covered the claim. Ehlers recovered damages on the main action, but a new trial was ordered on all claims. The court of appeals affirmed the granting of a new trial on Ehlers' claim but reinstated the jury's special verdict confirming Schimmelpfennig's coverage under the Eagle National policy. Prior to retrial, Eagle National settled and paid Ehlers' claim against Schimmelpfennig. Schimmelpfennig later sought indemnification for attorney fees and deposition costs incurred in the litigation and for medical expenses and lost wages that he had advanced to Ehlers.

The district court awarded Schimmelpfennig $12,680 in attorney fees, $67.45 in deposition costs, and $1926 for the medical expenses and lost wages he had paid to Ehlers. In refusing to allow interest on these sums, the district court stated, "[t]he court also does not find that the insurance contract provides for the payment of interest, and therefore interest will not be [allowed] with regard to these matters."

Schimmelpfennig contends that, based on Iowa Code section 668.13 (1999), he is entitled to interest on the amounts awarded him by way of indemnification at the very latest from the date of filing of his third-party action if not from an earlier time. We made clear in *Frunzar v. Allied Property & Casualty Insurance Co.*, 548 N.W.2d 880, 890 (Iowa 1996), that section 668.13 does not govern interest on judgments in actions based on insurance contracts. Following our holding in *Frunzar*, the legislature amended Iowa Code section 535.3 so as to incorporate by reference the rate of interest provided in section 668.13. 1997 Iowa Acts ch. 197, § 2. That amendment did not incorporate by reference the provision in section 668.13(1), which provides that interest "shall accrue from the date of the commencement of the action."

We are convinced that neither section 668.13(1) nor section 535.3 governs the entitlement to interest from a point in time prior to the filing of a petition. We settled the principles that govern entitlement to prefiling interest in *Midwest Management Corp. v. Stephens*, 353 N.W.2d 76 (Iowa 1984). In that case, we determined:

Generally, "interest runs from the time money becomes due and payable, and in the case of unliquidated claims this is the date they become liquidated, ordinarily the date of judgment.... One exception to this rule is recognized 'in cases in which the entire damage for which recovery is demanded was complete at a definite time before the action was begun.'"

*Stephens*, 353 N.W.2d at 83 (quoting *Mrowka v. Crouse Cartage Co.*, 296 N.W.2d 782, 783 (Iowa 1980)).

■ In the present case, Schimmelpfennig's contractual damages were both liquidated and complete when he paid the deposition cost, lost wages, and medical expenses for which Eagle National was responsible under its policy. Consequently, he is entitled to interest on the sums advanced from the date of payment. The rate at which this prejudgment interest accrues is five percent per annum, as provided in Iowa Code section 535.2.

■ We take a different view with respect to Schimmelpfennig's entitlement to interest on the district court's attorney-fee award. His damage on that item would not be complete until he paid those attorney fees for which Eagle National was responsible. We have searched the record and can find no indication when, if ever, Schimmelpfennig paid those attorney fees. Consequently, he is only entitled to inter-

est on the attorney-fee portion of his award from March 20, 2000, the date of the district court's order.

To reconcile our decision with the record facts, Schimmelpfennig is entitled to recover interest on the $67.45 deposition cost from September 10, 1997, the time of payment, at the rate of five percent per annum. He is entitled to interest on the payment of $1926 for lost wages and medical expenses from July 31, 1996, the time of payment, at the rate of five percent per annum. That interest should run from the dates indicated until March 20, 2000, and be aggregated with the principal amount of the March 20, 2000 judgment. The aggregated total shall draw interest from that date at the rate specified in section 535.3. On return of the procedendo, a corrected judgment shall be entered.

We have considered all issues presented and affirm the district court's judgment as modified.

**AFFIRMED AS MODIFIED.**