Ray GOSCH d/b/a Ray Gosch
Trucking, Appellant,

v.

Dick JUELFS, Appellee.

No. 03–1745.

Supreme Court of Iowa.

July 22, 2005.

Robert Kohorst of Kohorst, Early & Louis, Harlan, for appellant.

Jeffrey R. Minnich and A. Eric Neu of Neu, Minnich, Comito & Neu, P.C., Carroll, for appellee.

CARTER, Justice.

Ray Gosch, the owner of a truck-tractor, appeals from a judgment awarding him

damages for the destruction of his truck-tractor in a vehicle collision. He contends that he was also entitled to recover consequential damages to his business from the loss of a key employee and to recover prefiling interest on the property damage from the date of the collision. The appellee is Dick Juelfs, the defendant whose vehicle collided with Gosch's truck-tractor, killing Gosch's employee, Merlyn Berens. After reviewing the record and considering the arguments presented, we conclude that the district court and the court of appeals were correct in rejecting a claim for consequential damages based on the loss of a key employee. With respect to Gosch's claim for prefiling interest, we agree that, because all of the property damage was complete on the date of the collision (July 7, 1999), interest on the property damage award is recoverable from that date pursuant to Iowa Code section 535.2(1)(*b*).

Gosch's employee, Merlyn Berens, was killed in a vehicle collision occurring on July 7, 1999, between a truck-tractor owned by Gosch and driven by Berens and an automobile driven by Juelfs. A jury found that Juelfs' fault was the cause of the collision. Although Gosch had sought to recover consequential damages to his business from the loss of a key employee, Berens, the district court refused to submit that claim to the jury. The only damage claim submitted concerned the destruction of Gosch's truck-tractor. The jury found that the damage to the truck-tractor was $9980. Although Gosch requested interest on that sum from the date of the collision, the district court only awarded interest from the date of the filing of the action.

Gosch's appeal seeks a new trial in which the jury is allowed to consider the consequential damage to his business from the loss of Berens' services and an award of interest on the property damage from the date of the collision.

## I. *Scope of Review.*

Our standard of review in this matter is for correction of errors at law. Iowa R.App. P. 6.4; Iowa Code § 611.6 (2001). If there is substantial evidence in the record to support the trial court's decision, we are bound by its fact-findings. *State ex rel. Miller v. Internal Energy Mgmt. Corp.*, 324 N.W.2d 707, 710 (Iowa 1982). We are not bound, however, by the trial court's application of legal principles. *Midwest Recovery Servs. v. Wolfe*, 463 N.W.2d 73, 74 (Iowa 1990).

## II. *Damages for Loss of a Key Employee.*

In the district court, Gosch presented evidence the collision that precipitated this litigation occurred during his peak rock-hauling season. He contended that he was unable to hire a replacement driver for Berens and sustained a substantial loss of income as a result of Berens' death. Gosch urges the trial court erred in failing to allow the jury to consider consequential damages based on these circumstances.

We are satisfied that the district court acted correctly on this claim and was properly affirmed by the court of appeals. In *Anderson Plasterers v. Meinecke*, 543 N.W.2d 612 (Iowa 1996), we relied on Restatement (Second) of Torts section 766C (1979) and concluded that employers may not claim damages for the loss of an injured employee's time or the expense of hiring a replacement worker. *Anderson Plasterers*, 543 N.W.2d at 613–14. We think that this principle also precludes an award of damages for loss of income to a business as a result of the absence of an injured employee. The district court correctly denied this element of recovery.

### III. *Prejudgment Interest.*

■ The district court predicated the award of interest on Gosch's property damage on Iowa Code section 668.13, which provides for interest on damages sustained prior to trial from the date of the commencement of the action. We have recognized, however, that this statute does not govern in those situations in which our case law has provided that interest may be allowed from a date prior to the filing of a petition. *Schimmelpfennig v. Eagle Nat'l Assurance Corp.*, 641 N.W.2d 814, 816 (Iowa 2002). Although in many instances interest is not recoverable on unliquidated damages prior to judgment, our cases have carved out a definite exception to this rule when it has been shown that the damage was complete at a particular time. *Midwest Mgmt. Corp. v. Stephens*, 353 N.W.2d 76, 83 (Iowa 1984); *Mrowka v. Crouse Cartage Co.*, 296 N.W.2d 782, 783 (Iowa 1980); *Weaver Constr. Co. v. Farmers Nat'l Bank*, 253 Iowa 1280, 1292, 115 N.W.2d 804, 811 (1962); *Gen. Mills v. Prall*, 244 Iowa 218, 221, 56 N.W.2d 596, 598 (1953); *Bridenstine v. Iowa City Elec. Ry.*, 181 Iowa 1124, 1135–36, 165 N.W. 435, 439 (1917); *Collins v. Gleason Coal Co.*, 140 Iowa 114, 124, 118 N.W. 36, 37 (1908). In *Bridenstine* we stated this principle as follows:

> There is an old and general rule to the effect that interest is not recoverable upon an unliquidated demand until it has been reduced to judgment. To this, however, we have come to recognize certain exceptions. One such exception has been stated to be that: "Interest is allowable on unliquidated claims wherever it appears that the damage was complete at a particular time . . . ."

181 Iowa at 1136, 165 N.W. at 439 (quoting *Collins*, 140 Iowa at 124, 118 N.W. at 37).

■ Language that appears later in the *Bridenstine* opinion may have caused some confusion on this issue and led the court of appeals to its decision to deny prefiling interest in the present case. We stated in *Bridenstine* that "in cases in which *the entire damage* for which recovery is demanded was complete at a definite time before the action was begun interest is recoverable, even though the damage is of an unliquidated character." 181 Iowa at 1136, 165 N.W. at 439 (emphasis added). We conclude that the reference to "the entire damage for which recovery is demanded was complete" was intended to demonstrate that, when a general verdict is returned that includes unliquidated damages complete at a certain time and also unliquidated damages that were not shown to have been complete at a certain time, it is impossible to determine a portion of the verdict on which prefiling interest may be recovered.[1] This was clarified in *Mrowka* in which we stated:

> It is apparent that certain damages a tortiously injured person might sustain may be fixed in amount and time of accrual prior to trial, for example, medical expenses. Disregarding the complexities of piecemeal computation, reason and logic may dictate that interest should be computed on those items from the time the expense is incurred. The same logic might not call for interest on an award for future pain and loss of income to be allowed retroactively as though it were sustained *in toto* on the date of injury. In any event, such a rule would require separate awards on the various damage elements to be fixed by the jury.

296 N.W.2d at 784–85. When, as here, a definite amount of recovery has been fixed

---

1. This was the situation in *Abel v. Dodge*, 261 Iowa 1, 11, 152 N.W.2d 823, 829 (1967), and *Lawson v. Fordyce*, 237 Iowa 28, 68, 21 N.W.2d 69, 89–90 (1945).

by the trier of fact for a damage item shown to be complete at a particular time, interest should be allowed as to that item from the time that the damage was shown to be complete. That was the situation in *Schimmelpfennig* in which we awarded prefiling interest on some but not all elements of damage.

We have considered all issues presented and conclude that the decision of the court of appeals should be affirmed in part and vacated in part. The judgment of the district court is affirmed subject to a modification of the interest awarded on the property damage, which shall be awarded from July 7, 1999, the date of the collision at the rate provided in Iowa Code section 535.2(1)(*b* ).

**DECISION OF COURT OF APPEALS AFFIRMED IN PART, VACATED IN PART; DISTRICT COURT JUDGMENT AFFIRMED AS MODIFIED.**